In re Johnson Drainage District, No. 9, Chicago and Northwestern Railway Company and Toledo & Northwestern Railroad Company, Appellants, v. Hamilton County, Iowa, Board of Supervisors of Hamilton County, Iowa, et al.

**Drainage:** ASSESSMENT OF BENEFITS: RAILWAY LANDS: NOTICE: APPEAL: STATUTES: CONSTITUTIONALITY. The Act of the 30th General Assembly relating to the assessment of benefits for drainage purposes provides a separate and distinct method for the assessment of railroad lands from that provided for agricultural lands, and does not contemplate that railroad lands shall be classified in tracts of forty acres or less; and express provision is therein made for notice to railway companies of the assessment and for the right of appeal, so that the act is not unconstitutional for failure to so provide in either respect.

**Drainage:** ASSESSMENT OF RAILWAY LANDS: BENEFITS: PRESUMPTION. An assessment for drainage purposes can only be made for actual benefits, but a presumption obtains in favor of an assessment and the burden is on the party attacking it as excessive and disproportionate to establish the claim; and where the evidence fairly tends to show that the assessment of railroad lands is not in substantial excess or out of proportion to that of other lands in that district, it will not be disturbed.

*Appeal from Hamilton District Court.*—Hon. J. R. Whitaker, Judge.

Monday, November 23, 1908.

REHEARING DENIED SATURDAY, FEBRUARY 20, 1909.

THE appellants appealed from an assessment of benefits to the district court where their appeal was dismissed, and, from that judgment, they appeal to this court.—*Affirmed.*

*J. L. Kamrar, George E. Hise, James C. Davis,* and *A. A. McLaughlin,* for appellants.

*D. C. Chase* and *J. M. Blake,* for appellees.

SHERWIN, J.—The commissioners appointed to classify the lands and property in the drainage district, and assess the benefits thereto, did not classify the railroad right of way as farm lands were classified, nor did they make any classification thereof in fragments or subdivisions. The railroad property in the district consisted of about sixty-seven and a half acres in twenty-one different forties. The benefits were assessed in a lump sum on the entire holding, and the appellants contend that such an assessment is wholly unauthorized by chapter 68, Acts 30th General Assembly that the assessment of $800 was greatly in excess of the benefits, and greatly in excess of, and out of proportion to, the assessments on farm lands; and that said assessment was not equalized with the assessments on other lands in the district.

The appellants rely upon the following propositions:

(1) The commissioners to assess benefits were required to classify the railroad lands, and give each portion thereof a percentage of benefits, based upon the percentage of one hundred, as a condition to making an assessment, and as a basis therefor.

(2) If the railroad property is not land, the drainage law is void, because only in such event is notice re-

*Margin note:* 1. DRAINAGE: assessment of benefits: railway lands: notice: appeal: statutes: constitutionality.

quired to be given to a railway company, and only in such event is the right of appeal given to it.

(3) It was the duty of the commissioners to assess benefits to equalize the assessment against the railroad property with the assessments on other lands.

(4) Having failed to classify the railroad lands and equalize the assessment thereon with the assessments on other lands, and having failed to comply with the statutes in the time and manner of performing their duties, on the part of the commissioners, the assessment is void.

(5) The report of the commissioners failing to show that the railroad lands had been classified, and the assessment equalized, the board of supervisors did not acquire jurisdiction to make an assessment.

(6) Appellants' property can be assessed only for the actual benefits accruing to it from the improvement, because of the drainage, and in the proportion that other property is assessed.

(7) The commissioners having failed to comply with the law in making the pretended assessment, and no classification or equalization having been made, there is no presumption that the amount assessed is a correct estimate of benefits to the railroad property from the improvement, nor is the amount *prima facie* in proportion to the assessments on other lands.

(8) If the assessment is not void, then it is grossly excessive and should be reduced.

We shall consider these propositions in the order of their presentation to us.

Section 12, chapter 68, Acts 30th General Assembly, provides for the appointment of commissioners to assess benefits conferred by the improvement. It defines their duties in the following language:

They shall . . . personally inspect and classify all the lands benefited by the location and construction of such . . . drainage district . . . in tracts of forty acres or less according to the legal or recognized subdivisions in a graduated scale of benefits, to be numbered according to the benefit to be received by the proposed im-

provement; . . . and make report thereof in writing to the board of supervisors. In making the said estimate the lands receiving the greatest benefit shall be marked on a scale of one hundred and those benefited in a less degree shall be marked with such percentage of one hundred as the benefit received bears in proportion thereto. This classification when finally established shall remain as a basis for all future assessments connected with the objects of said levee or drainage district, unless the board, for good cause, shall authorize a revision thereof.

The appellants urge that the railroad property within the drainage district is either land within the meaning of the statute, or else the statute, so far as railroads are concerned, is unconstitutional, "in that no provision is made for giving notice to any except landowners, incumbrancers, and occupiers of land, and no appeal is provided for any except owners of land." That railroad property within the district is not land within the meaning of the statute, and is not to be classified as lands are, is made clear by the statute itself. For the purpose of ascertaining and assessing the benefits conferred by the improvement, the statute makes three classes or divisions of property. Section 12 provides for one class which includes lands used for the usual and ordinary purposes. Section 19, after making provision for the construction of the drainage ditch across the right of way of a railroad company, provides as follows:

All other proceedings in relation to railroads shall be the same as provided for individual property owners within the district, except that the cost of constructing the improvement across its right of way shall be considered as an element of its damages by the appraisers thereof; and the commissioners to assess benefits shall fix and determine the actual benefits to the property of the railroad company within the levee or drainage district and make return thereof with their regular return. Such special assessment shall be a debt due personally from the railroad com-

pany, and, unless the same is paid by the railroad company as a special assessment, it may be collected in the name of the county in any court having jurisdiction.

Section 20 also makes a separate class of highways, and provides that:

Whenever any highway within the levee or drainage district will be beneficially affected by the construction of any improvement or improvements in such district, it shall be the duty of the commissioners appointed to classify and assess benefits to determine and return in their report the amount of the benefit to such highway.

A further provision is therein made for notice to the township in which the highway is located and for a hearing and determination of the amount to be apportioned to the road district on account of such benefit. It seems to us that there can be no serious question as to this legislative classification. Neither railroad property nor highways are used as lands are ordinarily used, and hence the benefits to be derived by such property from the improvement are of an entirely different character from those conferred upon agricultural lands. This was manifestly the thought of the Legislature, for in the sections relating to railroads and highways the commissioners are given express directions as to what shall be done by them. In section 19 they are directed to "fix and determine the actual benefits to the property of the railroad company within the levee or drainage district and make return thereof with their regular return." If the railroad property was to be classified and assessed as land under the provisions of section 12, the provision of section 19 was entirely unnecessary and useless. Why require an independent assessment and an additional report if it was all covered by the provisions of section 12? No logical or satisfactory answer can in our judgment be made to the question. Moreover, special provision is made for the col-

lection of the assessment, and the assessment is made the
personal debt of the railroad company.   They are provi-
sions which do not apply to assessments made under section
12, and which in our judgment strengthen the conclusion
that the Legislature intended to make railroad assessments
a class entirely distinct and separate from that of the
ordinary landowner.   And, if this be true, we think it fol-
lows that there was no intention that railroad property
should be classified in tracts of 40 acres or less according
to "the legal or recognized sub-divisions in a graduate scale
of benefits, to be numbered according to the benefit to be
received by the improvement."

The contention that if the railroad property is not
land within the meaning of section 12 and to be assessed
as such, the law is unconstitutional and void because only
in such event is notice required to be given to a railroad
company, is clearly without merit.   Section 19, as we have
heretofore shown, expressly provides that "all other pro-
ceedings in relation to railroads shall be the same as pro-
vided for individual property owners within the district."
And such requirement clearly and unmistakably provides
for the notice called for by sections 3 and 12.   An appeal
is given the railroad company by section 14 of the act.

As we understand the appellants' argument, their
third, fourth and fifth propositions are, in effect, based on
their contention that the railroad property should have been
assessed and equalized as lands under the provisions of
section 12, and what we have already said on that subject
may be applied to these propositions without further dis-
cussion thereof.

In support of their sixth and eighth propositions, the
appellants urged that their property can be
assessed only for the actual benefits accruing
thereto from the improvement, because of
the drainage, and in the proportion that
other property is assessed, and that the assessment is

2. Drainage:
assessment of
railway lands:
benefits:
presumption.

grossly excessive. These two contentions may be disposed of together, for they involve questions of fact only; it being well settled that an assessment can be made for actual benefits only. *Zinser v. Board of Supervisors,* 137 Iowa, 660.

On the questions of fact there was a diversity of opinion. If some of the appellants' witnesses were correct in their opinions, the improvement might be said to be a damage to the appellants' road rather than a benefit. But such estimates are not decisive of the question, and we think the evidence as a whole fairly sustains the trial court's finding that the assessment was not in substantial excess of the benefits to be derived therefrom in the way of the betterment of the roadbed and track and not out of proportion to the assessments on the lands within the district. The presumption is in favor of the assessment established by the board, and the burden is on the appellants to overcome the same. *Temple v. Hamilton County,* 134 Iowa, 706. On the whole case we conclude that the judgment should be *affirmed.*