In re Farley Drainage District, No. 7. Mary A. Crary, Appellant, v. Hamilton County.

**Drainage:** REPORT OF COMMISSIONERS: JURISDICTION. Failure of the
1  commissioners appointed to inspect and classify lands within a drainage district to file their report within twenty days from their appointment, will not deprive the supervisors of jurisdiction to proceed, as the provision of the statute regarding the same is directory rather than mandatory.

**Assessments for drainage purposes:** STATUTES. The statute pro-
2  viding that an assessment for a public improvement levied by any city council or board of public works shall not exceed 25 percent of the value of the property assessed has no application to assessments by supervisors for drainage purposes.

**Drainage:** APPORTIONMENT OF TAX. The question to be determined in
3  the assessment of land for drainage purposes is whether the apportionment is equitable; and when the assessment is equitable and does not exceed the benefit the method of apportioning the tax to other lands not of the same class is immaterial.

*Appeal from Hamilton District Court.*—Hon. W. D. Evans, Judge.

Tuesday, November 24, 1908.

In assessing the expenses of constructing a drainage ditch, $800 was assessed to Mary A. Crary, as the owner of a forty-acre tract of land situated near the ditch. The owner appealed to the district court, where the assessment was confirmed, and now appeals to this court to have such assessment set aside or reduced.—*Affirmed.*

*Wesley Martin,* for appellant.

*J. M. Blake* and *D. C. Chase,* for appellees.

McClain, J.—No objection is made to the regularity of the proceedings, save that the commissioners provided for under Code Supp. 1902, section 1989-a12, to inspect and classify the lands benefited by the improvement and report an equitable apportionment of the costs and expenses to be assessed upon the property thus benefited, did not make their report within twenty days after their appointment. The statute does not, however, fix any time for the report, the only provisions as to time being that the commissioners "shall within twenty days after such appointment personally inspect and classify all the lands benefited," etc. It seems to us that this provision as to time is directory rather than mandatory, and that the board of supervisors would not be without jurisdiction to proceed, even though the commissioners did not act within the time specified. However this may be, there is no requirement that the report be filed within twenty days, and it is evident that some additional time for preparing it after the commissioners had completed their examination and inspection must necessarily be required. It could not have been the purpose of the Legislature to make the filing of a report within twenty days an essential to the power of the board of supervisors to act.

The tract of land assessed was worth before the construction of the ditch about $1,200, and was assessed at that valuation for taxation, and the assessment of $800 thereon, being in excess of 25 percent of the value, is attacked on the ground that by Code Supp. 1907, section 792a, such assessments are limited to 25 percent of the actual value at the time of levy, the last preceding assessment roll being

*Margin notes:*
1. Drainage: report of commissioners: jurisdiction.
2. Assessments for drainage purposes: statutes.

taken as *prima facie* evidence of such value. The title of the act (28 Gen. Assem. chapter 29) of which the Code Supplement section above referred to is section 1 indicates that the provisions of the act are to regulate "the levy and collection of special assessments in cities and towns and cities acting under special charter," and the section itself refers to special assessments by "city or town council or board of public works." A drainage district is not a city or town, and the board of supervisors levying an assessment in such district for the construction of a ditch is not a city or town council or board of public works. The term "board of public works" is specifically defined as a board which may be created by the city council in any city having a population of 30,000 or more. See Code, section 863. The statutory provision referred to has no application, therefore, to assessments for drainage districts by boards of supervisors.

Some question is made as to the method of classifying the lands subject to assessment with respect to the benefits of the ditch in order to properly apportion the expenses.

3. DRAINAGE: apportionment of tax.

The statute provides that the lands benefited shall be classified according to a graduated scale of benefits, lands receiving the greatest benefit being "marked on a scale of one hundred," and "those benefited in a less degree shall be marked on such a percent of one hundred as the benefits received bears in proportion thereto." Code Supp. 1907, section 1989-a12. It appears that appellant's land is swamp land—that is, a kind of land receiving the largest benefit from the ditch— and we think that the method pursued by the appraisers in apportioning the taxes to other lands not of the class receiving the greatest benefit is wholly immaterial in determining the validity of the assessment on the land of appellant. The real question to be determined by the trial court was whether, so far as appellant's land was concerned, the apportionment was equitable. While the assessment of

appellant's land in proportion to the value is high, it appears that without drainage it is not capable of any beneficial use, and with such drainage as the ditch will afford it will be valuable at least for pasturage, and worth at least twice as much as it can be sold for without drainage. Under these circumstances it is plain that the assessment does not exceed the benefit. If the assessment is equitably apportioned and it does not exceed the benefit conferred, there is no constitutional objection which we can consider.

Appellee's motion to dismiss the appeal which has been submitted with the case, is overruled.

The decree affirming the assessment is not open to any objection appearing on the record, and it is *affirmed*.

Evans, J., taking no part.