CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellants, v. MONONA COUNTY AND OTHERS, Appellees.

**Appeal in equitable actions:** QUESTIONS NOT WITHIN THE ISSUES: 1 DRAINAGE: ASSESSMENT OF BENEFITS.   On appeal of an equitable action triable *de novo,* the Supreme Court will not consider a proposition which was not within the scope of the issues as

formulated in the lower court. Under this rule objections to the confirmation of an assessment of benefits to a railroad right of way for the construction of a drainage system, do not amount to a general denial putting in issue the regularity of the proceedings. And the objections that the classification was illegal because the property was not in fact benefited by the improvement, or, if benefited, that the assessment was excessive; and that the property was not classified or assessed according to its legal descriptions, do not raise the question of the invalidity of the assessment because of error in classifying the right of way, and assessment of the benefits thereto in parcels rather than as an entirety.

**Drainage:** LEGISLATIVE AND JUDICIAL POWER. The inclusion of property within a drainage district is an exercise of legislative power which the courts will not disturb; but when their jurisdiction is properly invoked they will review an assessment of benefits or an apportionment of the cost of constructing a drain, and will apply the appropriate remedy where the same is inequitable.

**Damage:** ASSESSMENT OF BENEFITS: DESCRIPTION OF PROPERTY. The assessment of a right of way in described forty acre tracts, for the construction of a drain, is a sufficiently definite description of the property.

*Appeal from Monona District Court.*—HON. F. R. GAYNOR, Judge.

WEDNESDAY, OCTOBER 20, 1909.

THE plaintiff appeals from the judgment of the district court affirming an assessment made against it for benefits alleged to have accrued to its road or right of way by the improvement of a drainage district.—*Affirmed.*

*Shull, Farnsworth & Sammis,* for appellant.

*J. W. Anderson,* for appellees.

WEAVER, J.—The plaintiff's line of railway crosses the drainage district and intersects therein twenty-five different forty-acre tracts. The commissioners appointed

for that purpose assessed the benefit of the drainage system to said railroad at $182.47, distributing the same upon the road in the several forty-acre tracts in sums varying from fifty-five cents to $19.50, according to the classification adopted by said commissioners. At the hearing before the board of supervisors upon the commissioners' report, the railway company appeared by counsel, and objected to the assessments made upon its property, assigning the following grounds therefor: "(1) That said railway company has no land in such drainage benefited by the location and construction of the proposed drainage ditch. (2) That the commissioners appointed by this board have not described the property of this railway company according to any legal or recognized subdivision. (3) That the said commissioners' assessment against this company is not an equitable apportionment of the cost, expense, cost of construction, fees, and damages for such improvement. (4) That the said commissioners have classified the property of said railway company in said matter as high as ninety percent, whereas the only property of said railway company is its right of way, and a railroad right of way would be the least benefited of any property in said drainage district. (5) That the said property in said drainage district of said railway company consists of an easement over the land and right of way for the construction of a roadbed and the operation of railroad trains thereon, and such right of way is not benefited at all, and, if so, it is the least benefited of any property in said drainage district, and should take the lowest per cent. classification of any property in said district. (6) That no legal classification or assessment has been made. (7) That the property of said company is not described according to its legal or recognized subdivisions, as required by law, upon which said assessment and classification has been made, and that such description of said company's property so attempted to be assessed and classified is too indefinite

and uncertain to make said classification and assessment legal. (8) That the amount assessed against the property of said railway company is disproportionate and inequitable as to other property in said drainage district." After hearing the evidence in support of said objections, the board overruled the same, and confirmed and established the assessment as made and reported by the commissioners. Thereafter and in due time the company appealed from said order to the district court, stating in its notice that it deemed itself aggrieved by the assessment of $182.47 and by the action of the board of supervisors in refusing to reclassify the lands or reduce or annul the assessment thereon, and in approving and affirming the report of the commissioners. The evidence introduced upon appeal in addition to the record of the proceedings in establishing the drainage district and in assessing the benefits therefrom was principally of an expert character by engineers as to the topography of the district adjacent to the right of way and the benefit or lack of benefit arising from said improvement to the railway property. The district court reaffirmed the assessment complained of and the railway company appeals to this court.

I. The first and chief contention of the appellant in its argument to this court is that the commissioners erred in attempting to classify the railroad right of way, and assessing the benefits to the same in parcels or fractions, and not to the railway property within the district as an entirety, and on this proposition we are cited to *In re Johnson Drainage District*, 141 Iowa, 380, where it was held that the statute does not contemplate the classification and assessment of a railroad right of way in like manner as agricultural lands are dealt with in drainage proceedings, and that a ditch tax or assessment was not made invalid because "assessed in a lump sum on the entire holding." Appellees insist that this

1. Appeal in equitable actions: questions not within the issues: drainage: assessment of benefits.

objection was not raised in the court below, and should not be considered for the first time here.   The situation in this respect is explained when we say that the decision from which the present appeal is taken was entered in the district court on October 1, 1908, while our opinion in the Johnson Case was not handed down until November 23, 1908.   It is quite clear, we think, that the objection now urged was not in mind of counsel in formulating the issues to be tried, nor was it passed upon by the trial court.   The appellant's objections were in writing, and were, as we have seen, to the effect (1) that the railroad company has no land benefited by the improvement; (2) that the commissioners have failed to clearly and specifically describe the property according to its legal subdivisions; (3) that the assessment is inequitable; (4) that the property consists of a right of way only, and receives no benefit from the drainage, or, if so, its benefit is very slight, and should be classified· at the lowest percent mentioned in the report; (6) that no legal classification or assessment has been made; and (7) that the description of the property is too indefinite and uncertain to make the classification and assessment legal.   While it may be true, as counsel suggest, that upon the appeal of an equitable action triable *de novo* in this court it is no sufficient answer to a pertinent proposition of fact or law that it was not considered in the court below, yet it is certainly an insuperable objection to its consideration that it is not within the scope of the issues as formulated in that court.   The objections made to the confirmation of the assessment are not in the nature of a general denial putting in issue the regularity of each step of the drainage proceedings.   Indeed, it is doubtful whether such issue presenting no specific ground of complaint is allowable in this class of cases.   Counsel, recognizing this situation, have set forth in detailed and specific form the several reasons why the report of the commissioners should

not be confirmed and approved so far as it relates to the appellant's property, and these present the only questions into which on appeal the courts are authorized to look. Reading these objections to find what the lower court was asked to consider and determine, we find that appellant was not denying the right or authority of the commissioners to classify its property for the purposes of assessment, but was insisting that the classification was illegal because the property was not, in fact, benefited by the improvement, or, if benefited at all, the amount assessed thereon was excessive and inequitable, and that the property of the company was not classified or assessed according to its legal or recognized subdivisions or descriptions. Stated in other words, the case as presented and tried below involved these inquiries only: Does this railroad property receive any such benefit from the improvement of the drainage district as justifies its inclusion therein and its assessment with any part of the expense thereof? If it is properly required to contribute to such expense, is the assessment excessive or inequitable? Is such assessment invalidated or rendered non-enforceable because of the manner and method in which the property was classified by the commissioners? On each of these propositions the trial court appears to have found against the appellant. Without attempting to decide whether, if timely made, the objection to the authority of the commissioners to classify the property in any manner would be a fatal defect in the assessment, we shall consider only those issues which we conceive are fairly presented by the record.

II. The inclusion of the property within the boundaries of the district is, as we have hereinbefore held, an

2. DRAINAGE: legislative and judicial power.

exercise of legislative power which the courts can not review or set aside. See *Ross v. Supervisors,* 128 Iowa, 427, and cases there cited. But the courts may, and when their juris-

diction is properly invoked will, review the assessment or apportionment of the cost of the improvement, and, if inequitable or unjust, apply the appropriate remedy. Under the evidence in this court as presented by the record we can not say that the railway property is not substantially benefited by the drainage. The right of way through the district extends along low lands of a wet character and subject to overflow, and, although the appellant has raised its embankment and protected it with rip-rapping to avoid damage from this source, it is not an unreasonable conclusion that additional drainage which aids in an appreciable degree to hasten the discharge of the flood waters and the drainage of the soil on which the embankment rests must be of material benefit to such property and add another element of safety to the road as a highway of travel and commerce. We are therefore of the opinion that the board of supervisors and the district court were right in holding the property to be chargeable with its just proportion of the cost of the improvement.

Nor are we able to see that the assessment is in the least excessive. Some five miles or more of the railroad's right of way is included in the drainage district, and the cost of the improvement aggregates a large sum, and, if the appellant is to be assessed anything, the sum of $182.47 with which it has been charged does not seem to be inequitable or oppressive.

III. The objection that the description of the property is too indefinite or uncertain to support the assessment it without merit. It is sought to bring this case within the rule of those familiar precedents that hold that the description of property as "a part" of a given description without locating or describing the part intended by words or terms suggesting means of identification is too indefinite and uncertain to sustain conveyances, assessments, tax sales, and tax deeds, but such we think is

3. DRAINAGE: assessment of benefits: description of property.

not the condition of this record. It is a recognized maxim of the law that "that is certain which can be made certain." The assessment here is upon the property or right of way of the appellant in certain described forty-acre tracts. It is not a mere float which no one can designate with certainty. It is a fixed, visible, distinct and separate tract, the boundaries of which can readily be procured in the technical language of the surveyor or engineer whenever that is desired. The statute is to be construed liberally, and not with such undue strictness as to defeat the purpose which it was enacted to promote. Moreover, it is at least questionable whether mere indefiniteness in the description of property within the district affords any ground of objection by the owner to the validity of an assessment.

We are satisfied with the conclusion reached by the trial court and the decree appealed from is *affirmed*.