In re Appeal of C. P. LIGHTNER from the action of the Board of Supervisors in apportioning amount of special assessment of taxes against his land by reason of the establishment of drainage district No. 7 in GREENE COUNTY, IOWA, C. P. LIGHTNER, Appellee, v. Board of Supervisors of GREENE COUNTY, IOWA, et al., Appellants.

**Drainage:** NOTICE OF APPEAL: SERVICE OF NOTICE. A notice of appeal from the district court in drainage proceedings is not fatally defective because reciting in the caption the following "In the Supreme Court of Iowa," but the same will be treated as surplusage, where enough remains to indicate the judgment appealed from: Nor need the notice be addressed to the clerk by name. And accepted service of the notice by the clerk and the filing thereof by him was a sufficient service.

**Appeal:** WAIVER OF RIGHT. Acceptance of the amount of a drainage assessment by the treasurer, after an appeal was taken, was not a waiver of the right of appeal, where the acceptance expressly reserved that right.

**Same:** ASSESSMENT OF BENEFITS: OBJECTIONS: SUFFICIENCY. On appeal in drainage proceedings the appellant is confined to such objections as were made before the board of supervisors; and they must have been sufficiently specific to fairly suggest the real issue sought to be raised. The objections to an assessment in this case were sufficient to raise the questions of whether the apportionment of the expense was equitable, and whether it exceeded the benefits conferred.

**Same:** APPEAL: BURDEN OF PROOF. On appeal from a drainage assessment of the board of supervisors the district court will assume that the assessment as made by the board was correct, and the party appealing has the burden the overcoming the presumption; and on appeal to the Supreme Court it will be assumed that the district court observed this rule, thus casting the burden on the appellant to show its incorrectness.

**Same:** ASSESSMENTS: VALIDITY. The assessment of the entire cost of a tile drain running practically the entire length of a forty acre tract within a drainage district, to that particular forty acres, was erroneous.

*Appeal from Greene District Court.*—HON. F. M. POWERS, JUDGE.

MONDAY, JUNE 10, 1912.

APPEAL from an order of the district court reducing assessments for benefits against certain tracts of land owned by plaintiff within a drainage district established by the board of supervisors of Greene county, Iowa. From the assessment made by the board against eight forty-acre tracts of land owned by plaintiff, he appealed to the district court, and upon the appeal the district court reduced the assessment against five of the forties and confirmed it as to the other three. The board of supervisors appeals.— *Modified* and *affirmed.*

*Wilson & Albert,* for appellants.

*Howard & Howard,* for appellee.

DEEMER, J.—The board of supervisors of Greene county established what was known as drainage district No. 7 which comprised something over 1,600 acres of land, 320 of which belonged to appellee, Lightner. No complaint was made of any of the proceedings until the assessments for benefits came to be made. At that time various persons appeared before the board and filed objections to the proposed assessments, among them being Lightner, the appellee herein, against whose land it was proposed to assess the sum of $3,327.48. Before the board of supervisors, Lightner filed objections, among which were the following, to the proposed assessment against each forty acres: "(b) That said assessment is excessive and not in proportion to the benefits said real estate will derive as compared with other real estate in said drainage district. . . . (d) That said assessment is inequitable."

The board had a hearing upon these and other objections with the result that it made and confirmed the assessments in accord with the report of the commissioners, save as to an assessment against the land of one Bowers; his assessment being canceled and the total of the assessment made by the board was $15,318.21. From the order of the board on the objections filed by Lightner, he appealed to the district court. When the case reached that court he filed a motion to cancel the assessments for certain reasons, and his motion was sustained. Appeal was then taken to this court, and the ruling of the district court was reversed and the cause remanded for a new trial. See 145 Iowa, 96. When the case reached the district court after remand, the board of supervisors filed a motion to strike all the grounds of objection filed by Lightner before the board for the reason that they were not sufficiently specific. This motion

was sustained, save as to those hitherto set out. The case then went to trial upon the merits of these exceptions, with the result that the board's assessment was confirmed as to three forties of Lightner's land, and materially reduced as to five of them. The board appealed from the decision of the trial court to this court, or at least attempted to do so. After the appeal was taken, Lightner paid the assessment made by the district court and the board received the same, giving receipts therefor, which in effect reserved all rights of the county and the drainage district. At the outset we are met with a motion to dismiss the appeal because no proper notice thereof was given, and for the further reason that, as the county and the drainage district has accepted the benefits of the decision of the district court, it has either waived its right of appeal or can not further prosecute the same.

I. The defects in the notice of appeal can only be shown by a quotation therefrom, which we here make: "In the Supreme Court of Iowa. (Title of case is correctly stated.)

1. DRAINAGE: notice of appeal: service of notice.

Notice of appeal—To C. P. Lightner and Howard and Howard, his attorneys, and Joseph Lampman, clerk of said court: You are hereby notified that the board of supervisors of Greene county, Iowa, representing and in behalf of drainage district No. 7 in Greene county, Iowa, have appealed from the judgment and decision of the district court aforesaid, rendered against them, and in favor of the plaintiff in this cause reducing the amount of assessment made against the lands of the plaintiff in said drainage district entered in said court on the 12th day of December, 1910, to the Supreme Court of Iowa. Said appeal will come on for hearing in its regular order at the May term, 1911, of said Supreme Court, commencing at Des Moines, Iowa, on the first Tuesday after the first Monday in May, 1911. Wilson & Albert, attorneys for the above-named appellant." The sole defect, or the only one which will bear argument, is

in the caption: "In the Supreme Court of Iowa." This was manifestly a clerical error and may well be regarded as surplusage. So treated, enough remains to indicate the judgment and order appealed from. *Douglass v. Agne,* 125 Iowa, 67; *Crane v. Brannan,* 3 Cal. 192; *Hanna v. Russell,* 12 Minn. 80 (Gil. 43); *Tallman v. Hinman,* 10 How. Prac. (N. Y.) 89.

The notice need not be addressed to the clerk of the district court by name. *Bloom v. Traction Co.,* 148 Iowa, 452.

Service was accepted by Joseph Lampman, clerk of the district court of Greene county, Iowa, and the notice was filed by him. This was sufficient. See *Bloom* case, *supra.*

The defendants through the county treasurer accepted the amount of the assessment made by the district court which was paid after the appeal was taken here, but this was done with a reservation of the right of *2. APPEAL: waiver of right.* appeal, and the defendants did not waive their rights of appeal by accepting the assessments so paid. *Mountain v. Low,* 107 Iowa, 403; *In re Youngerman,* 136 Iowa, 488. The motion to dismiss the appeal must be overruled.

II. Coming now to the case. The first error assigned is the ruling on the motion to strike the ob- *3. SAME: assessment of benefits: objections: sufficiency.* jections filed by Lightner before the board of supervisors. The case in the district court and upon the appeal must be tried upon the objections filed before the board and these must be reasonably specific.

But as they are filed in the first instance before a board exercising *quasi* judicial functions, not as a rule versed in the refinements of pleading, they need not be more specific than the ones here filed. It is enough if they fairly suggest the objections which the complainant has to the assessments against his property. Such objectors need not set forth the evidence upon which they intend to rely

nor challenge each and every assessment made. If the real grounds of the objections are fairly apparent, this is sufficient. On appeal he is confined to such objections as he filed before the board, and when the case reaches the court the real question is, What objections were made before and considered by the board. They may be couched in such general or ambiguous language as not to present any valid objection for the reason that they do not direct the mind to any real issue, but, if they fairly point out the claim made, they should be allowed to stand and be heard by the court upon appeal.

We think the objections set out were sufficient to raise the questions which were in fact tried by the district court; that is to say, the amount of benefits received by each forty acres of plaintiff's land, as compared with the assessment of benefits against other tracts in the district. Even if the last objection be held insufficient, it did nothing more than emphasize the first one and in no manner broadened the issue tendered by the prior one. There was no prejudicial error in the ruling on the motion to strike.

The real questions presented by the objections, and the only ones which may be considered on appeal, are these: (a) Was the apportionment equitable? (b) Did it exceed the benefits conferred? *In re Farley Dist.,* 140 Iowa, 339; *In re Jenison,* 145 Iowa, 215.

III. Before the establishment of the district in question, plaintiff's lands, or at least a large part of them, and particularly that part whereon the assessment was reduced,

4. SAME: appeal: burden of proof.

was in a drainage district known as the Dawson township open ditch. The main ditch of this system touched each and every forty acres of land upon which the assessment was reduced, and Lightner had by tile drains, which ran into this open ditch, practically reclaimed all the lands in each and all of these forty-acre tracts. There was a small swamp upon the N. W. of the N. W. of section 13, and some of the

land therein was wet; two very much smaller ones on the N. E. of the N. W. The N. W. of the N. E. was practically all drained out, as also was the S. W. of the N. E., and but little of the S. E. of the N. W. was either wet or swamp. The amount of the assessment made against these forties and the reduction made by the trial court is shown by the following taken from the finding of the trial court:

| Ratio on basis of 100 points. | Description. Parts of section. | No. Acres Swamp–Wet–Low–High and drained. | | | | Assessment by Bd. Sprs. | Assessment as now fixed by this court. |
|---|---|---|---|---|---|---|---|
| 11.51 | N. W. ¼ N. E. ¼ | 5 | | | 35 | $ 325.65 | $ 95.97 |
| 6.91 | S. W. ¼ N. E. ¼ | 3 | | | 37 | 287.47 | 57.58 |
| 11.18 | N. E. ¼ N. W. ¼ | 4 | 2 | | 34 | 421.10 | 93.22 |
| 16.44 | N. W. ¼ N. W. ¼ | 5 | 1 | | 30 | 483.92 | 137.10 |
| 4.6 | S. E. ¼ N. W. ¼ | 2 | | | 38 | 417.59 | 38.39 |

The facts so far recited are practically conceded; but appellants contend that the trial court erroneously reduced the assessments, as shown, for the reason that no competent testimony was adduced to justify the same. This is a mistake, we think, and without pointing out the admissible testimony bearing upon the issues presented, it is enough to say that Lightner did introduce testimony which would justify a reduction of the assessments made against his property, and in fact produced about all the testimony which could be produced on such an issue. The amount of the assessment against all the other lands within the district was before the court, and the nature and character of these lands were described. Lightner produced testimony as to the effect of the new drainage system upon each forty and had competent engineers not only go over the ground, but made assessments based upon the statutory method.

The trial court adopted the assessments recommended by these experts, and about the only question we can consider under this record is whether or not the trial court was in error in doing this rather than confirming the assessments made by the board upon the report of its commissioners appointed for that purpose. Appellants say that

we must, on this appeal, start with the assumption that the
assessment recommended by the commissioners and con-
this is the rule which should be adopted by the district
burden of showing the incorrectness thereof and the just
amount for which his lands should be assessed. Doubtless
firmed by the board was correct, and that appellee has the
court. But there is also another rule which appellant has
overlooked, and that is, there is a presumption not only that
the district court observed this rule, but that its finding
also is correct. After all, on such appeals the appellant
has the laboring oar. After a careful consideration of the
entire record, the only doubt we have is as to the correct-
ness of the reduction of the assessment against the N. W. ¼
of the N. W. ¼ and the N. E. ¼ of the N. W. ¼ of sec-
tion 13. The other reductions seem to us to be amply
justified by the testimony.

As usual, the testimony is not wholly satisfactory, and
at best these assessments can be nothing better than an
approximation. As to the two forty-acre tracts in ques-
tion, we have carefully considered the testimony with refer-
ence thereto. Lightner's buildings and improvements are
and have been for many years upon the N. E. ¼ of the N.
W. ¼ of section 13, and we are satisfied after a careful
perusal of the record that the trial court did not err in
reducing the assessment on this forty as shown.

There is more difficulty with the N. W. ¼ of the N.
W. ¼. Lightner admitted while on the witness stand a
benefit of $150 to this forty, yet the trial court found it
to be but $137.10. There is testimony, how-

5. SAME: assess-
ments:
validity.

ever, that this forty has been flooded more
since the new drainage system was put in
than before, but also evidence to the fact that this was
only during the wet seasons. There was also a line of
fifteen-inch tile running practically the entire length of the
forty, and in the assessment made or confirmed by the
board the entire expense of the tile upon this land was

taxed against the forty acres. This of course was wrong, and the trial court was justified in canceling an assessment based on that basis. Comparing the assessment here with other assessments in the district, we have reached the conclusion that it should have been assessed to the amount of $275, and that the trial court was in error in reducing this to the sum of $137.10. Doubtless the reduction was made on account of floods happening since the district was established, but it is also shown that these were extraordinary and largely due to surface drainage. This particular forty acres had not been satisfactorily drained out before the new district was established, and the amount of wet land upon it was larger than upon many of the other forties.

We have done the best we can with the record before us to arrive at a proper conclusion, and reach the result above indicated after a most careful consideration of the testimony. It follows that the order of the trial court should be modified as to the assessment against the N. W. 1/4 of the N. W. 1/4 of section 13, making it $275 instead of $137.10. Otherwise it will be confirmed. Appellee will pay one-fourth of the costs of the appeal and appellants three-fourths.—*Modified* and *affirmed*.

## SUPPLEMENTAL OPINION.

### WEDNESDAY, SEPTEMBER 25, 1913.

PER CURIAM.—In writing the opinion filed herein, the matter of interest on the assessments which was referred to briefly in the arguments filed for appellant, was overlooked and in a petition for rehearing the matter is again brought to our attention.

The trial court in its decree in effect refused to allow interest on any of the assessments, although confirming some of them, but decreed that the assessments fixed or approved by it should be placed on the tax books, and unless paid by

March, 1911, then the same should be delinquent and be subject to the interest and penalties provided by law. This order in so far as it denied interest on the assessments was as we think erroneous. The assessments should have drawn interest from the time the assessment was made by the board, and the decree should be so modified. The latter part of the decree fixing the time of payment, etc., became inoperative because of the appeal, and upon remand a new time should be fixed when the payment of the amount due on the assessments shall become delinquent, in order that the sum so found due, if not paid forthwith, may be collected as provided by law. In fixing the amount due payments already made should be properly credited. The effect of this holding is to add an additional modification of the decree to the extent indicated, and the case will be remanded for a final order and decree in the district court in harmony with the original opinion and this further modification.

The petition for rehearing will otherwise be,—*Overruled.*