Edward Flood et al., Appellees, v. Board of Supervisors et al., Appellants.

**DRAINS:** Assessment of Benefits—Appeal—Amplification of Objections. Objections to an assessment of benefits may, on appeal from the action of the board of supervisors, be amplified or rendered more specific, as long as *no new grounds* of objections are interposed. *Held*, certain objections specified on appeal were substantially the same as the one general ground presented to the board of supervisors.

**DRAINS:** Assessment of Benefits—Appeal—Evidence. Under objection that an assessment of benefits was out of proportion to benefits to other lands, evidence is admissible which works a comparison of the lands of the complaining party with other lands within the drainage district. If such disproportion be established, it follows that the assessment is inequitable and unjust and should be adjusted accordingly.

*Appeal from Dallas District Court.*—W. H. Fahey, Judge.

Friday, December 17, 1915.

Appeal from the action of the district court in reducing drainage assessments. The facts are more fully stated in the opinion. Defendants appeal.—*Affirmed.*

*Dingwell & Clarke,* for appellants.

*H. S. Dugan* and *D. H. Miller,* for appellees.

Preston, J.—This is an appeal from the action of the district court in fixing drainage district assessments upon appellees' land. The plaintiffs, appellees, had appealed to the district court from the assessments fixed by the board of supervisors. The issues in the district court were made up by the petition and reasons or objections of the plaintiffs, who were appellants on the appeal from the board of supervisors, and who are appellees in this court. No formal answer was filed in the district court. On the trial, the district court reduced the

assessments returned by the commissioners and approved by the board of supervisors as follows: On one quarter section, from $126.40 to $50.00; on another, from $79.76 to $40.00; on another, from $101.51 to $45.00; and on another, from $189.60 to $125.00. The district court confirmed the assessment appealed from as to plaintiff's land in another section, to wit: Section 11. The specific objections attached to the petition and made in the district court are:

1. That said assessments for benefits to said land of the plaintiffs of said district are out of proportion to benefits to other land similarly situated in said district.

2. That said assessments are entirely beyond and in excess of the benefits conferred upon plaintiffs' land.

3. That plaintiffs' lands were all tillable and all fairly well drained, while other lands in the said district which were lower and untillable were assessed lower than those of the plaintiffs.

4. That said board of supervisors did not consider the equitableness of the said assessments, but that the same were made with a spirit of revenge by some members of the board of supervisors, upon the plaintiffs.

5. That one member of the board remarked that the plaintiffs, being rich men, were more than able to stand their share of the assessments.

6. That said assessments are not equitable and were made because of the biased feeling of some members of said board against these plaintiffs.

7. That said assessments are in excess of the benefits conferred upon said lands and are unreasonable and oppressive.

Wherefore, plaintiffs ask that assessments made on all of said forty-acre tracts be reduced to such amounts as are equitable and fair and proper under all the circumstances, and for such other and further relief as may be equitable in the premises.

At the opening of the trial, defendants moved the court to strike from the petition of plaintiffs all that part of the

petition following the word "district", set forth under the enumerated headings, being reasons Nos. 2, 3, 4, 5, 6 and 7, because said reasons for the setting aside of the assessment made in the said drainage district were not raised before the board of supervisors and, therefore, cannot be considered upon appeal to the district court. The motion to strike was sustained as to reasons 4 and 5 and to all that part of reason 6 following the word "equitable" in the first line thereof, and was overruled in other respects.

The objections filed before the board of supervisors by plaintiffs were, in substance, that their land on Ditch No. 19 was assessed more in proportion than other lands in the district, and they asked a reduction of their assessment.

Appellants contend that evidence was introduced along lines other than those covered by the objections made before the board of supervisors. They cite *Chicago, M. & St. P. R. Co. v. Monona County,* 144 Iowa 171, 174; *Pafbeldt v. Hamilton County,* 144 Iowa 476, 480; *Lightner v. Board,* 145 Iowa 95, 100; *Jenison v. Drainage District No. Fourteen,* 145 Iowa 215, 222; *Hampe v. Hamilton County,* 146 Iowa 280; and *Lightner v. Board,* 156 Iowa 398, 402, to the point that objections not made before the board of supervisors cannot be considered on appeal to the district court, and that the complaining party must be limited to the objections made before the board of supervisors. Appellants say that their principal contention in the case is that the court erred in refusing to sustain appellants' motion to strike all but the first objection from the petition of the plaintiffs, and that, if the court erred in permitting these objections to stand upon the trial, it was error to introduce any testimony along other lines than under the objections made before the board.

Appellees say that they have no objections to the cases cited by appellants, but contend that the objections to the assessment as stated in the petition are in reality no broader than the objections before the board of supervisors, and that their only purpose in stating them more specifically in the

district court was so that they would be clearer to the court. It is true that the objections made by plaintiffs before the board of supervisors were not as specific, perhaps, as if they had been drawn by an attorney, but we think those filed and permitted by the district court to stand in the district court were simply amplifications of the objections made before the board.

The evidence complained of by appellants was, in its nature, largely comparing the land of appellees with other lands in the district, and is of a comparative nature and, we think, was competent and material under the objections. Appellees were not contending that their lands were not benefited to some extent by reason of the establishment of the drainage district, but claimed that their assessments are inequitable and out of proportion to other assessments of lands in the district.

2. DRAINS: assessment of benefits: appeal: evidence.

It has been held, and the drainage laws provide, that the laws relative to drainage districts shall be liberally construed. The trial court found that the assessments of appellees were out of proportion, compared with others in the district. Hence the assessments were inequitable, unjust, and the court properly corrected the same. We think the board of supervisors, from the objections filed before them, fairly understood what was claimed by the appellees. We have held that, if the objections filed before the board of supervisors fairly point out the claim made, they should be allowed to stand and be heard on appeal. *Lightner v. Board,* 156 Iowa 398, 402. And as bearing somewhat upon this point, see *Mackland v. Supervisors,* 162 Iowa 604, 607.

Our conclusion is that there is no error, and that the action and judgment of the district court ought to be and it is—*Affirmed.*

DEEMER, C. J., WEAVER and EVANS, JJ., concur.