PHILP DRAINAGE DISTRICT, Appellant, v. A. J. PETERSON, County Auditor, et al., Appellees.

**DRAINS:** **Shifting Grounds in re Objections.** Objections to assessment
1 of benefits will be liberally construed; yet the objector will not, on appeal, be permitted to interpose objections not raised in the trial court.

**DRAINS:** Assessment—Presumption. A legally established and con-
structed drainage improvement leaves the landowner with but one
right, viz: the right to insist that the cost be equitably apportioned.
To overcome such apportionment, there *must* be *evidence* of inequit-
ableness—not mere *conclusions* of inequitableness.

*Appeal from Hamilton District Court.*—G. D. THOMPSON, Judge.

JANUARY 10, 1922.

THE opinion sufficiently states the case.—*Affirmed.*

*Healy & Breen,* for appellant.

*J. E. Burnstedt* and *J. M. Blake,* for appellees.

WEAVER, J.—In the year 1911, a drainage district known
as the "Philp," or "District No. 109," was established and im-
proved in Hamilton County. It contained about 2,200 acres of
land, and the drains constructed were of tile, emptying to the
southward. There were two mains, one from the northeast and
one from the northwest, meeting at the south boundary and dis-
charging through a common bulkhead into an open ditch. The
fall or slope to the south was comparatively slight, and the lower
ends of the mains above mentioned were laid near the surface.
In a short time, the bulkhead appears to have been undermined,
and to have become more or less broken and dilapidated; and
the natural grade or slope of the land to the south was insuf-
ficient to carry away promptly the drainage flow from the north.
In 1917, a new district was organized, to include No. 109 and
extend southward therefrom far enough to take in an additional
area of about 1,900 acres. By this extension it was sought, not
only to afford drainage of the land to the south of the old dis-
trict, but to obtain a sufficient fall to give an efficient outlet for
the entire district, of about 4,000 acres. No question is raised
in this court as to the regularity of the organization of the dis-
trict. The work has been done at an aggregate expense of about
$36,000, of which there was assessed $6,400 against the lands in
the old District No. 109, and the remainder against the lands in
the additional 1,900 acres, the assessment on the former averag-

ing about $3.00 per acre, and on the latter about $17 per acre. To this assessment the appellants filed objections, on nine different grounds. The first four are, in effect, general allegations that the board of supervisors failed to act "as required by law," in establishing the district and in making the assessment; but they in no manner specify or point out any alleged defect in the proceedings, nor is any such specific objection urged upon this appeal. The remaining objections so presented are to the effect that the assessment upon the lands of the appellants is excessive, and that said lands are assessed at a higher or greater rate than other lands similarly situated and similarly benefited. The objections being overruled and the assessments confirmed by the board of supervisors, the objectors appealed therefrom to the district court, which affirmed the assessment as made.

I.   We think it must be said at the outset that, aside from the contention that the assessment upon the lands within the limits of the old District No. 109 is disproportionately high or excessive, the appellant's argument in this court is not addressed to the objection presented to the board of supervisors, and to that extent presents no question which we are authorized to consider or decide. For example, it is said, and the effort of counsel is very largely directed to the proposition, that the "assessment is for an outlet which was never constructed;" and that appellants "were assessed for a manhole type of construction when, as a matter of fact, this type of construction was not installed;" and that plaintiffs "were assessed for a system to be laid at a grade adequate to take-care of the outlet previously installed, and this system was not constructed upon the grades for which plaintiffs were assessed;" and finally (in substance) "that plaintiffs were assessed for future benefits" which they might have derived, had the original plan been adhered to, but which are not available to plaintiffs under the plan or type of work actually done. Not one of these objections was raised before the board of supervisors; and while the statute providing for hearings upon such objections is not to be narrowly construed, and the court will exercise a liberal discretion in considering all objections which by any fair interpretation may be covered by the language or terms in which they are expressed, there must yet be some fair

1. DRAINS: shifting grounds *in re* objections.

degree of exactness of specification, to entitle the objector to be heard thereon on appeal. *Chicago, M. & St. P. R. Co. v. Monona County*, 144 Iowa 171; *In re Appeal of Jenison*, 145 Iowa 215; *In re Appeal of Lightner*, 156 Iowa 398.

II.   We find nothing in the record to impeach the fairness of the assessment.   It is true that one or two property owners in the old district testify that, in their judgment, this part of the district received no real benefit from the reconstruction of the outlet, or from the improvement made to the south of the district, as originally improved; but it must not be overlooked that, under the statute, an objector owning land within the district cannot avoid assessment on the plea that his property receives no benefit from the drainage.   It stands conceded, or at least undisputed, in this record that the district was properly organized, and that the drainage system has been completed at a cost of $36,000 or more.   The sole objection available to the appellants under this record is to the distribution or apportionment of that cost upon the property within the district.   To support such objection, no evidence is offered tending to show that such apportionment is inequitable, or that the classification adopted was unfair, or that the lands of the appellants are assessed at a higher rate than other lands similarly situated or similarly benefited.   On the contrary, it appears with reasonable certainty that the outlet from the old district has been deepened and improved in a manner to increase the efficiency of the drainage, and directly or incidentally to benefit the lands of the original district; and that, in making the assessment, due consideration was given to the fact that said old district had already provided and paid for a drainage improvement.   It appears that, due to such fact, the average assessment upon lands in the old district averaged less than one fifth of the charge made upon the additional 1,900 acres; and if the appellant's property is to be held liable at all to contribute to the improvement,—a liability which we must here take for granted,—we discover no valid ground on which to question its equitable character.   It was made by men experienced in such service, received the approval of the board of supervisors, was affirmed after full hearing by the district court,

2. DRAINS: assessment: presumption.

and no sufficient reason is advanced to this court for holding it erroneous or invalid.

The decree appealed from is—*Affirmed.*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.