GREAT NORTHERN RAILWAY COMPANY, Appellant, v. BOARD OF SUPERVISORS OF PLYMOUTH COUNTY, Appellee.

HIGHWAYS:   Improvements—Drainage District—Assessment of Railroad Right of Way.   Chapter 2-B, Title X, of the Supplemental Supplement, 1915, authorizing the establishment of highway drainage districts, contains no warrant or authority to levy a special assessment against a railway right of way.

*Appeal from Plymouth District Court.*—WILLIAM HUTCHINSON, Judge.

DECEMBER 14, 1923.

REHEARING DENIED APRIL 4, 1924.

APPEAL from the action of the board of supervisors of Plymouth County, Iowa, in assessing the Great Northern Railway Company the sum of $2,330.54 as alleged benefit to its right of way in the establishment of a highway drainage district in said county.—*Reversed.*

*Jepson, Struble, Anderson & Sifford,* for appellant.

*E. T. Bedell* and *Nelson Miller,* for appellee.

DE GRAFF, J.—This appeal involves primarily one phase of the statute under which the instant improvement was established. The provision in question is found in Chapter 2-B, Title X, of the Supplemental Supplement to the Code, 1915. This chapter is the statutory warrant for a board of supervisors to establish a highway drainage district and assess the costs in its construction.

Question stated: Does the statute give the board of supervisors in the establishment of a highway drainage district the right to make an assessment against the railroad right of way within the district?

A statute which confers upon an inferior tribunal the power to levy a tax must be strictly construed, and if there is a doubt as to the existence of the power, it must be resolved against the exercise of the power. *Chicago, R. I. & P. R. Co. v. City of Ottumwa,* 112 Iowa 300.

We deem it unnecessary in this opinion to detail the proceedings of the board of supervisors of Plymouth County, Iowa, preliminary to the establishment of the highway drainage district which gave rise to this action; nor is it necessary to enter upon a description of the topography of the situation, nor to recite the method adopted by the board in determining the benefits and the proportional assessments. Sufficient to state that the board of supervisors of Plymouth County, pursuant to the authority of Chapter 2-B, Title X, established a highway drainage district known as the Plymouth County Highway Drainage District. This appeal does not concern or affect the rights of any party except the appellant, and its claim for damages is not involved in this decision.

The Great Northern Railway Company, plaintiff herein, owns a right of way east of the highway in Hungerford Township, included within the district, and by reason of this fact the board of supervisors proceeded to assess the railroad company and fix its proportional cost of the drainage improvement. The question on this appeal is jurisdictional, and although different

propositions are relied upon by appellant for reversal, the determining question is one of statutory construction.

The statute in question is a complete provision for the organization of a particular kind of drainage district, and the board of supervisors under its provisions may take the initiative in the organization of the district. It is an act within narrow compass, and has to do with the improvement of a highway. It is a separate and distinct piece of legislation, and not amendatory to the general drainage statute. The title to the act so shows. This legislative act is not predicated primarily on the theory of benefit to lands in an agricultural sense, but to create a benefit to a public highway and to the welfare of the public in general.

In the payment of costs incident to the improvement, reasons exist to justify the legislative intent to relieve railroads from this burden. The statute itself does not mention the right of way of a railroad as subject to an assessment. It does expressly prescribe the property and the persons who may be compelled to pay for the improvement. It follows, therefore, that the board of supervisors in prescribing notice and in fixing assessments must respect the statutory injunction.

Under the provisions of the statute (Section 1989-b5, Supplemental Supplement, 1915), the board appoints a commission to determine the proportional cost of the improvement and to assess the lands within such district that proportion of the cost of the improvement to be paid by special assessment. This commission files its report with the board of supervisors, and includes therein (1) the amount, if any, which should be paid by the county on account of the county road system; (2) the amount, if any, which should be paid by the township or townships on account of the township road system; (3) the amount, if any, which each 40-acre tract or less within said district should pay.

Upon the filing of this report, the board may confirm the assessments and modify them ''as in their judgment may seem just and equitable, and upon the final determination of the respective amounts shall levy and assess the amount to be paid on account of the county road system to the county; that part to be paid on account of the township road system to the township

or townships and the remainder upon the lands within said districts.''

It is further provided that the county auditor ''shall place said levy and assessment so made against the lands within said district upon the first succeeding tax books.'' The legislature has made a classification in the ascertaining and assessing of the benefits conferred by an improvement of this character.

Turning for a moment to the general drainage law of this state, we find numerous provisions in relation to railroads and railroad right of ways. In the prescribing of the notice to be given under the general drainage law, railroad companies are specifically included, and the assessment of costs against a railroad company is expressly mentioned. The general drainage statute distinguishes between lands and railroad property, and provides for a different classification thereof, and for a different manner of assessing damages and a different procedure for the collection of the same.

Railroad property is not used as agricultural lands, and the benefit to be derived by a railroad company is essentially different. This is true under a general, as well as a special, drainage statute. Railroad property within the district is not lands, within the meaning of the statute, and the statute by its silence makes it clear that a railroad right of way is not to be classified as lands. See *In re Johnson Drainage District*, 141 Iowa 380.

We reach the conclusion, therefore, that the statute in question does not confer jurisdiction upon the board of supervisors to include the right of ways of railroads in the establishment of a highway drainage district. Wherefore the judgment entered by the trial court is—*Reversed*.

PRESTON, C. J., EVANS, STEVENS, ARTHUR, and VERMILION, JJ., concur.