CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant, v. BOARD OF SUPERVISORS OF O'BRIEN COUNTY, Appellee. .

**HIGHWAYS:** Primary Roads—Railroad Right of Way Not Assessable. A railroad right of way is not assessable for the cost of paving a primary road, such right of way not being "real estate," within the meaning of the Primary Road Act (Ch. 237, Acts 38 G. A.)

Headnote 1:  29 C. J. p. 743.

*Appeal from O'Brien District Court.*—C. C. BRADLEY, Judge.

FEBRUARY 17, 1925.

APPEAL from an order by the board of supervisors, making a levy and assessment against the right of way of a railway company on account of the establishment and construction of a paving improvement in a primary road district. The trial court modified the assessment as made, as to certain items, and affirmed it as to the remainder; and the railway company appeals.—*Reversed.*

*Hughes, Taylor & O'Brien* and *O. H. Montzheimer,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, *L. O. Lampman,* County Attorney, and *T. E. Diamond,* for appellee.

FAVILLE, C. J.—I.  Under the provisions of Chapter 237 of the Acts of the Thirty-eighth General Assembly, a primary road known as ''Primary Road Number 1'' was established in O'Brien County.  It extends east and west through said county for a distance of approximately twenty-two miles.  During all of said distance it parallels the right of way of appellant company, and is located within a quarter of a mile of said right of way.  The railway right of way is 100 feet in width, and the railroad track appears to have been constructed thereon in 1878.

The assessment against the property of appellant was made as an assessment against the ''right of way through primary road district No. 1;'' and the decree of the trial court, with a modification as to certain lots which are not in controversy, held the assessments so made ''to be valid and legal assessments against the right of way of the plaintiff,'' and that the same were ''valid liens against the right of way of the said railroad company.''

The sole question in the case at this point is whether or not the right of way of a railway company is subject to assessment for paving of a primary road, under the terms and provisions of Chapter 237 of the Acts of the Thirty-eighth General Assembly.

Section 14 of said chapter provides for the appointment of a board of apportionment to apportion ''all special benefits to real estate within each district.''  The said section provides that said board shall inspect and classify ''all real estate within said districts,'' and shall, ''among other relevant and material matters, if any, give due consideration to the fair market value per acre of each of the different tracts of real estate, to their relative location and productivity, and to their relative proximity and accessibility to the said improvement.''

The property subject to special assessment under the provisions of this act is described in the act repeatedly as ''real estate.''  No other form or class of property is made subject to assessment under this act.

We at once meet the question as to whether or not the right of way of a railway company is ''real estate,'' within the meaning of this statute.

A similar question was before us in *Great Northern R. Co.*

*v. Board of Supervisors,* 197 Iowa 903, where the statute authorizing the establishment of a highway drainage district provided for the assessment of benefits ''upon the lands within said district.'' We therein said:

''Railroad property within the district is not lands, within the meaning of the statute, and the statute by its silence makes it clear that a railroad right of way is not to be classified as lands.''

Under the statute under consideration in this case, the legislature has seen fit to provide but one class of property that is subject to assessment for the benefits derived from the construction of the paving of such a highway, and that class is real estate. The right of way of a railroad company is not ''lands,'' within the meaning of the highway drainage statute, nor is it ''real estate,'' within the meaning of the primary road paving statute. It was undoubtedly obvious to the legislature that a railway right of way would receive little, if any, special benefit from the paving of a primary road in the district through which the railway extended; but, in any event, the legislature has not seen fit to include a railway right of way within the class of property subject to assessment for the paving of such a highway. As bearing on the question herein discussed, see *Chicago, R. I. & P. R. Co. v. City of Ottumwa,* 112 Iowa 300; *In re Johnson Drainage Dist. No. 9,* 141 Iowa 380.

The trial court erred in sustaining the assessment against appellant's right of way, as made by the board of supervisors, and in overruling appellant's objections thereto. A decree should have been entered by the trial court canceling the assessment against appellant's right of way.

II. Appellee urges that the objections filed before the board of supervisors were not specific enough to raise the question presented on this appeal.

We have examined the objections, and are of the opinion that they were specific enough to raise all of the questions presented on this appeal.

The cause will be remanded to the district court for the entry of a decree in accordance with this opinion. It is so ordered.—*Reversed and remanded.*

EVANS, ARTHUR, and ALBERT, JJ., concur.