IN RE C. G. HAY DRAINAGE DISTRICT NO. 23, G. J. HAMPE and C. HAMPE, Appellants, v. HAMILTON COUNTY, IOWA, ET AL.

**Drainage:** PRESENTATION OF OBJECTIONS: REVIEW ON APPEAL. On an appeal to the district court from an assessment of property for the construction of a drain, only such objections thereto as were made before the board of supervisors will be reviewed. Under this rule the sufficiency of the bond filed with the petition can not be raised after the drain was established, in such manner as to affect the validity of its establishment.

**Same:** ASSESSMENTS WHEN NOT EXCESSIVE. The assessment of a tract of 240 acres for drainage purposes lying within the district, in the aggregate sum of less than $500, can not be said as a matter of law to be excessive, where the owner was enabled by the drain to use the land for agricultural purposes, a large part of which would otherwise be swampy.

**Same:** DOUBLE ASSESSMENT. Lands lying within a drainage district can not be twice assessed for the same improvement; but where the original assessment was made solely for the purpose of constructing a main ditch through the entire district a sub-district may be created, and the land lying within the same may be again assessed for the construction of drains into the main ditch, if such lands are actually benefited thereby.

**Same:** ESTABLISHMENT OF DRAINAGE SYSTEM: AMENDMENT OF PETITION. The petition for the establishment of a drainage district may be amended as to substance and form at any time before final action thereon by the board of supervisors. Under this rule the petition may be amended by changing the plan of drainage prior to final action of the board.

**Same:** APPORTIONMENT OF BENEFITS: OBJECTIONS. The method of making an assessment in proceedings to establish a drain is not jurisdictional, and an objection to the manner in which benefits are apportioned by the appraiser can not be raised for the first time on appeal.

*Appeal from Hamilton District Court.*—HON. C. G. LEE, Judge.

TUESDAY, MARCH 8, 1910.

THE plaintiffs appealed to the district court from an assessment on their property of a portion of the expense for the construction of a drainage ditch. The district court overruled their objections and confirmed the assessment, and from this decree they now appeal to this court.— *Affirmed.*

*Wesley Martin,* for appellants.

*J. M. Blake* and *A. N. Boeye,* for appellees.

McCLAIN, J.—The objections to the assessments of the property made before the board of supervisors on behalf of these plaintiffs were that said assessments were too large and inequitable and unjust, both in fact and as compared with the assessment of other lands in said drainage district; that the assessments were void, the benefit appraisers not having made their assessments within the time required by law; that other assessments were proposed to be levied upon the same land in the construction of another drainage ditch; and that the assessments were largely in excess of the benefits conferred upon their lands by the construction of the proposed ditch.

On appeal to the district court plaintiffs must be limited to the objections made before the board of supervisors. *Hartshorn v. Wright County Dist. Court,* 142 Iowa, 72; *In re Farley Drainage District,* 144 Iowa, 476. The objection that the bond filed by the petitioners for the ditch was not signed by sureties other than the petitioners for the ditch and the principals in such bond can not therefore be considered on this appeal. If it were properly here for consideration, the contention of appellants could not be sustained in view of what has been said on that subject in the case of *In re Drainage District No. 3,* Iowa. The objection that the assessment by the appraisers was not made in the time required by law is not now urged.

1. DRAINAGE: presentation of objections: review on appeal.

We have then two objections for consideration: First, that the assessment was too large, unjust and inequitable and largely in excess of the benefit which would be conferred upon the land by the construction of the proposed ditch; and, second, that plaintiff's lands were to be subjected to further assessment for another drainage ditch. On the examination of the record, we find no evidence supporting the claim that the assessment was unjust, inequitable, or be-

2. SAME: assessments: when not excessive.

yond the benefits which would accrue to the land from the proposed ditch.  The total assessment on two hundred and forty acres of land in the aggregate sum of $494.75 does not in itself appear to have been in excess of the benefits which might be conferred by a ditch which would enable plaintiffs to render it available and valuable for agricultural purposes in view of the fact that without drainage a large portion of it is low, wet, and swampy, and there is no evidence whatever in the record that the assessment was inequitable as compared with other lands in the drainage district.

The facts as to the proposed double assessment appear to be that the Hay drainage district for which the assessments in question were made was organized for the construction of an open ditch emptying into the Farley ditch which would facilitate the drainage of an area of land, including the land of plaintiffs, and there is no evidence whatever that benefit will not accrue to plaintiffs from the construction of that ditch, although it does not intercept plaintiffs' land. The proposed ditch for which as plaintiffs allege a second assessment will be made upon their land is the so-called Brandrupt ditch of tile emptying into the Hay ditch, and draining a smaller area of land included within the Hay drainage district.  We think we have no occasion now to consider whether plaintiffs' land may be properly assessed for the Brandrupt drainage dristrict.  But no authoritites are cited, and we think none can be found, holding that, after land has been properly included within a drainage district and assessed for an open ditch furnishing in general opportunities for the drainage of the land in that entire district, a subdistrict may not be formed; the land included within it being subjected to an additional assessment on account of the facilities afforded for drainage into the larger ditch.  The result of sustaining appellants' contention would be to hold that no land can be assessed

3. SAME: double assessment.

for the benefits afforded by a ditch, unless the proposed ditch abuts upon or traverses such land. This is plainly not within the contemplation of the statute. The Hay ditch benefits all the land included within the district, and plaintiffs' land has properly been assessed for such benefit. If it shall be determined hereafter that plaintiffs' land shall be included within the Brandrupt subdistrict and further assessed for the benefits conferred upon it by the construction of a subsidiary system of tile drainage, there will be no such double assessment as plaintiffs can complain of. Plaintiffs are not to be assessed twice for the same improvement, but for two separate improvements, each of which is beneficial to them.

The further contention for appellants that the board of supervisors was without jurisdiction to establish the Hay ditch because there was a change of plan after the original petition was filed is without merit. The 4. SAME: establishment of drainage system: amendment of petition. change was made before the board of supervisors acted, and the statute expressly authorizes the amendment of the petition as to form and substance at any time before final action thereon. See Code Supp. 1907, section 1989a5.

Equally without merit is the contention that the board of supervisors was without jurisdiction to make assessments against plaintiffs on account of the method in which 5. SAME: apportionment of benefits: objections. the benefits were apportioned by the appraisers. So far as we can see, the appraisers' proceedings were substantially in accordance with the statute; but, however this may be, there is nothing in the record to indicate that the result was not equitable and just, and there is no authority for holding that the method of making the appraisement is a jurisdictional matter. No objection was made before the board as to the method pursued by the appraisers, and the question can not first be raised on appeal. *In re Jenison*, 145 Iowa, 215.

The decree of the district court approving the assessment made by the board of supervisors is *affirmed*.