FRANK PATCH et al., Appellants, v. BOARDS OF SUPERVISORS
et al., Appellees.

**DRAINS:** Assessments of Benefits—Objections—Waiver.  Objections
to an assessment of benefits for a drainage improvement not filed
''on or before noon of the day set for such hearing'' are waived.
(Section 1989-a12, Code Supplement, 1913.)

*Appeal from Osceola District Court.*—W. D. BOIES, Judge.

SATURDAY, OCTOBER 28, 1916.

THIS is an appeal from the action of the district court
in sustaining defendants' demurrer to plaintiffs' petition, filed
in a drainage proceeding.   The plaintiffs appeal.—*Affirmed.*

*C. M. Brooks,* for appellants.

*Francis & Owen,* for appellees.

PRESTON, J.—Appellees' statement of the matter, which
appellants concede is correct, is substantially this:  A joint
drainage district was duly established in 1913, including lands
in Dickinson and Osceola Counties, appel-
DRAINS: assess-  lants' premises being situated therein.   Later,
ments of ben-
efits: objec-  appellants' lands were assessed for benefits,
tions: waiver.
and due notice of such assessment was given, fixing the date
for hearing thereon.   The notice was given by publication in
papers in the two counties, as provided by law.   Appellants
are residents of O'Brien County, Iowa.   The boards met on
the date fixed, and adjourned to consider objections then on
file.   Appellants failed to appear at the time so fixed, but one
week later appeared at an adjourned meeting of the joint
boards of supervisors, and filed objections to said assessment
of benefits.   But the joint boards adjourned without passing
upon the objections so filed, and the assessment, as reported

by the commissioners, was by said joint boards duly approved and confirmed. It is said that appellants thereupon attempted to appeal to the district court of Osceola County, Iowa, and the defendant drainage district filed a demurrer to appellants' petition, raising the question of appellants' right to appeal. The petition filed in the court below recites the legal establishment of the joint drainage district, appointment of commissioners to assess benefits, report of said commissioners, the giving of the kind and character of notice thereof provided by law, and, finally, appellants' failure to appear and file objections to assessment of benefits at the time stated in the notice so given. The failure to so appear and object is sought to be explained and excused by appellant, by showing that he did not learn of the assessment until his attention was called to the notice by a friend, too late, however, to file objections at the stated time. Appellants' claim is that the assessment against their lands is too high.

The prayer of the petition is that, in the event the court finds against them on the question of the limitation of time for the filing of their objections to the assessment, then and in such case the court pass upon the question of jurisdiction for the failure to serve the requisite notice upon the persons in possession and occupancy, and discharge the assessments and levies; but if the court finds that the plaintiffs were not limited to the 16th day of July, 1914, in filing their objections, that a hearing thereon be had on its merits, and that only such sum be assessed as equity and justice demands, and for other equitable relief. The petition recited that no notice was served upon the parties in possession of plaintiffs' land, to wit, their tenants; but that question is not argued on this appeal. It is not argued by appellants, and they do not point out any provisions of the statute in regard to notice, other than Sections 1989-a3 and 1989-a32, Code Supp., 1913. The first section provides for notice by publication, and the last section provides for the same kind of notice in reference to drainage ditches through two or more counties.

The grounds of the demurrer were that the objections filed a week after the date named in the notice were filed too late, and because, upon the facts, the court had no jurisdiction. The trial court sustained defendants' demurrer, thus holding, as appellees contend, that, without objections to assessments of benefits, no appeal will lie; that objections must be on file by the party named in the notice, in order to entitle the aggrieved party to appeal; that objections filed one week late are as though not filed at all; that no jurisdiction was vested in said court by the attempted appeal. Appellants elected to stand upon their petition, and thereupon, it was dismissed, and judgment rendered against them for costs. The record does not show that appellants gave any notice of appeal to the district court. Appellees concede in argument that appellants attempted to appeal. Appellees make no point of this. Appellants state, rather than argue, that defendants' remedy was by motion to dismiss or to strike, rather than by demurrer. But this question was in no manner raised in the district court, but it seems that there was included in the demurrer a motion by appellees to dismiss. All necessary and legal steps were taken by the proper officials, down to and including the assessment of benefits made against the premises owned by appellants. Appellants do not contend otherwise.

The commissioners to assess benefits made their report, and thereupon, the notice provided by law was given, and July 16, 1914, fixed as the date for hearing any objections which might be filed to the commissioners' report. The appellants did not, prior to noon of that date, appear, nor did they file objections required by the terms of the notice given. As before stated, the joint boards met on July 16th, and adjourned a week, to consider objections then on file. During the adjournment, appellants learned that the assessments had been made, and they appeared before the boards at the adjourned session, July 23d, and filed written objections.

It is the contention of the defendant district that, notice of the hearing upon the report of the commissioners assessing

benefits having been given, requiring the filing of objections by noon of July 16, 1914, it was the duty of all persons interested in such assessment of benefits, and not satisfied therewith, to file their objections thereto by the hour stated in the notice; and further, that, appellants having failed to file their objections to said assessment upon the day named in said notice, their right of appeal from the action of the boards of supervisors confirming said assessment was waived; and that the filing of such objections by the time named in the notice is jurisdictional; and that a subsequent filing would not serve to confer upon the court the jurisdiction which had been previously lost.

Section 1989-a12, Code Supp., 1913, in regard to assessments, provides:

". . . All objections thereto must be made in writing and filed with the county auditor on or before noon of the day set for such hearing."

Section 1989-a14 provides that objections are not required in order to appeal from an increase in apportionment. *Lyon v. Board,* 155 Iowa 367, 377. We have held that only such matters as are covered by the objections filed with the county auditor may be considered upon appeal. *Jenison v. Greene County,* 145 Iowa 215, 218; *Hampe v. Hamilton County,* 146 Iowa 280, 282.

Appellants contend that none of the cases cited determine the question here presented. They say that their default in not appearing was technical only, and that the use of the word "must" in the statute is discretionary, and that discretion is lodged in the board of supervisors to hear objections, even though filed after the date fixed in the notice. The objections filed by parties other than appellants before noon of July 16th could have been considered and determined by the joint boards on that date, as provided in Section 1989-a12 of the Code Supplement. Had this been done, of course, objections not then filed could not be considered. The fact that the boards adjourned for a week to consider the objections theretofore filed, does

not, we think, affect the question. If objections could be filed one week after the day set for hearing, then there is no reason why they might not be considered a month or a year thereafter. The statute is plain, and we are bound by it. To hold that objections could be filed at any time after the date fixed in the notice, would be for the court to write into the statute something that the legislature did not enact.

Our conclusion is that the judgment of the district court was right, and it is, therefore—*Affirmed.*

EVANS, C. J., DEEMER AND WEAVER, JJ., concur.