AMANDA GISH V. CASTNER, WILLIAMS AND ASKLAND DRAIN-
   AGE DISTRICT AND HAMILTON COUNTY, Appellants.

**Drainage:** APPROPRIATION OF LAND: MEASURE OF DAMAGES. Where
   land is appropriated for the purposes of drainage the measure
   of damages is the fair market value of the land taken, without
   regard to the benefits to the entire tract through which the drain is
   constructed.

*Appeal from Hamilton District Court.*—HON. J. H. RICH-
                     ARDS, Judge.

TUESDAY, MARCH 17, 1908.

IN an appeal by plaintiff from the action of the board
of supervisors in allowing her $65 as damages occasioned
by the establishment of a drainage ditch through her land
under a claim for larger damages, the jury returned a verdict
by which no damages whatever were allowed. Plaintiff's

motion for a new trial was sustained, and the defendants appeal.—*Affirmed.*

*D. C. Chase* and *J. M. Blake,* for appellants.

*Wesley Martin,* for appellee.

McClain, J.— The evidence shows without controversy that a portion of plaintiff's land was appropriated for the ditch and that plaintiff made claim for damages under the provisions of Code, section 1942. Damages in the sum of $65 being allowed by the board of supervisors, the plaintiff appealed, claiming that the allowance of damages was insufficient. On the trial of this appeal the court instructed the jury to allow plaintiff the amount of any depreciation in value of plaintiff's entire tract of land through which the ditch was laid out which would result from the location and construction of the said ditch. This instruction was erroneous. Under the Constitution, article 1, section 18, and Code, section 1942, the plaintiff was entitled to recover the fair market value of her land taken for the ditch, without regard to the benefits which might accrue to the entire tract of land through which the ditch was located. We need not discuss the question whether the increased value of the entire tract should be considered as offsetting damages to any portion thereof which would result from the location and construction of the ditch. Plaintiff was entitled to pay for so much of her land as was to be taken for the ditch, without regard to the benefits enjoyed in common with other owners of land in the neighborhood resulting from the construction of such ditch. *Haggard v. Independent School District,* 113 Iowa, 486. And see *Matter of City of New York,* 190 N. Y. 350 (83 N. E. 299). Under the instruction given the jury might find, as they did, that plaintiff was entitled to no damages, although a portion of her land was appropriated to the public use. It is immaterial that by the construction

of the ditch a portion of the land of plaintiff which had previously been of little value, because constituting the bed of a .water course, would become more valuable by being relieved from the flow of water over it.    If correct instructions had been given, the jury must have found some damages in favor of the plaintiff, if any consideration whatever was given to the undisputed evidence in the case.    The instruction under which the jury disregarded the evidence that land of plaintiff was in fact taken for public use which was of some value was duly excepted to, and the objection was properly made one of the grounds of motion for a new trial filed within three days after the verdict.    The court did not err, therefore, in granting a new trial.

This disposition of the case on its merits renders unnecesssary the consideration of any question as to whether an appeal was properly taken.

The ruling of the lower court granting a new trial is *affirmed*.