In re JOINT DRAINAGE DISTRICT. NO. 3 IN BOONE AND STORY
    COUNTIES, ED RYG, Appellee v. BOARD OF SUPERVISORS OF
    BOONE AND STORY COUNTIES, IOWA, Acting in the Matter
    of JOINT DRAINAGE DISTRICT NO. 3 IN SAID COUNTIES, and
    JOINT DRAINAGE NO. 3 IN BOONE AND STORY COUNTIES,
    IOWA, Appellants.

**Drainage:** MEASURE OF DAMAGES: INSTRUCTION. The measure of
1   damages for the construction of a drainage ditch is the difference
    in value of the land upon which the same is located immediately
    before and immediately after the construction of the ditch.   Any
    fluctuation in value between such dates should not be considered
    in arriving at either valuation; and the instruction under considera-
    tion does not authorize the jury to consider any fluctuation in value,
    but confines them to the damage resulting from the ditch.

**Same.**   An instruction which would allow the jury to consider a rise in
2   value of the land between the commencement and completion of a
    drainage ditch would be prejudicial to the land owner, because
    tending to lessen the damages.

*Appeal from Story District Court.*—HON. CHAS. ALBROOK,
Judge.

TUESDAY, JUNE 3, 1913.

APPEAL from an award of damages in a drainage proceed-
ing.   There was a verdict for the plaintiff for an amount
larger than that allowed by the Supervisors, and the Super-
visors appeal.—*Affirmed.*

*E. H. Addison,* for appellant.

*E. M. McCall,* for appellee.

EVANS, J.—The record before us is in a somewhat peculiar condition. Upon the trial below the parties dispensed with some proposed evidence on both sides by an oral agreement. The agreement was not entered of record. Counsel for both sides, however, deem themselves honorably bound by it. They do not disagree as to the nature and extent of it, and neither asks any advantage by reason of its omission from the record. The substance of the situation as stated in argument is that, after they had selected their jury in the trial court, they recognized the fact that it consisted of twelve farmers who were familiar with the values of farm lands throughout the county and with the effect on values of the location of a drainage ditch thereon. It was agreed, therefore, that no opinion evidence as to values would be introduced by either side, and that the jurors should apply their own opinions in such case. The agreement, though oral, was made in open court and was thus understood by judge and jury.

Necessarily such an agreement must operate on appeal to the advantage of the winner of the verdict. Because thereof, the assignments of error of the appellant are confined, in

1. DRAINAGE: measure of damages: instruction.

substance, to one instruction of the trial court relating to the rule of measure of damage as being the difference in value before and after the appropriation of the property. The court instructed the jury that the measure of such damage would be the difference in market value of such farm as it was "immediately before the establishment of said district and the construction of said ditch" and such market value as it was "immediately after the establishment of said district and the construction of said ditch." It is pointed out that the drainage district was established in April, 1910, and that the trial was had in the district court in November, 1911. It is urged, therefore, that the range of time covered by the foregoing instruction of the trial court extended over eighteen months, and that the instruction required the jury to ascertain the original value as prior to April, 1910,

and the ultimate value as of November, 1911, and that the changing market value during that period was entirely ignored. The ultimate objective in this ascertainment is to arrive at the difference in value caused by the public appropriation. For the purpose of comparison, the law aims to take the respective values immediately *before* and immediately *after*, thus eliminating all consideration of changing market values in general. Of course, some time must necessarily elapse between the establishment of a public improvement and the consummation thereof. If in the meantime there should be a change in the general market values, it should be ignored for the purpose of such comparison. In the case before us, there was no evidence of such change. It also appears that, in directing the jury to ascertain the market value of the land immediately *after* the construction of the improvement, the jury was confined to such diminution as was the "result" of such public improvement. We note also that the record before us does not disclose how much time intervened between the establishment of the district and the actual construction of the ditch. The jury was not instructed to ascertain the value as of the time of the trial, as assumed in argument, unless the fact be that the completion of the ditch and the time of the trial were simultaneous, and as to this there is no evidence. It is urged that there was a general increase in the values of farm lands in Story county during the period in question, and that the effect of the instruction was to include such general increase of market value in the plaintiff's damages.

As already indicated, the instruction is not capable of such a construction. If it were, it would operate to the disadvantage of the plaintiff rather than to his advantage. The value immediately before the establishment becomes the *minuend* of the arithmetical problem. The value immediately after becomes the *subtrahend*. The *difference* constitutes plaintiff's damage. Manifestly the minuend will not be affected by subsequent rise

2. SAME.

in market values. If the subtrahend should be enlarged by the rise in price, it would make the difference smaller; and plaintiff's damage, as thus ascertained, would be reduced rather than increased. The appellants, therefore, could suffer no prejudice at this point.

Whether the point of time selected for the comparison of values should be that of the establishment of the district or that of the construction of the ditch is a question which we had occasion to consider in *Larsen v. Webster County,* 150 Iowa, 344. We held in that case that ordinarily the practical result was the same, whichever point of time be adopted. If the evidence should disclose a state of facts which would present different results, it could then be dealt with by appropriate instructions.

It is our conclusion that the assignment of error cannot be sustained, and the order of the trial court is accordingly *Affirmed.*