A. C. BROWN, Appellee v. DRAINAGE DISTRICT NUMBER 48, THE
BOARD OF SUPERVISORS OF PALO ALTO COUNTY, IOWA,
Appellants.

**Drainage:** DAMAGES: EVIDENCE.  Evidence on appeal to the district
1    court in drainage proceedings that plaintiff's damage was greater
than his claim presented to the board of supervisors was admissible,
and the motion to strike the same for that reason was properly over-
ruled.

**Evidence:** CROSS-EXAMINATION OF EXPERTS: DISCRETION.  The discre-
2    tion of the trial court in permitting the cross-examination of wit-
nesses concerning an opinion expressed by them is so great that
only in exceptional cases will a reversal be ordered for an abuse of
such discretion.

**Drainage:** DAMAGES: EVIDENCE: INSTRUCTION.  Where plaintiff in
3    drainage proceedings was required to amend his petition in the
district court by setting out the itemized claim filed by him with
the supervisors, but this claim was abandoned upon the trial and not
offered in evidence, no instruction regarding the same was necessary.

**Same:** MEASURE OF DAMAGES: EVIDENCE: CROSS-EXAMINATION.  Where
4    the direct examination of the witnesses in a drainage proceeding con-
cerning the damages consisted of their opinion as to the depreciation in
the property, their cross-examination touching the amount and char-
acter of the land occupied by the ditch and its waste banks, the
manner in which it divided the farm, the existence and appearance

of the waste banks as affecting the value of the farm, the cost of
leveling the banks and of bridges and fences, was proper for the
consideration of the jury in fixing the amount of damages, where
the case was tried on the theory that the proper measure of damages
was the difference between the value of the farm before and after
the construction of the ditch.

Same: VERDICT: IMPEACHMENT. The affidavit of a juror concerning
the manner of computing the amount of a verdict by considering an
item of damages not within the issues could only tend to impeach the
verdict and was not receivable for that purpose.

*Appeal from Palo Alto District Court.*—HON. A. D. BAILIE,
Judge.

SATURDAY, NOVEMBER 22, 1913.

IN the district court this action was an appeal by the
plaintiff from an award of damages by the Board of Super-
visors in a drainage proceeding. Upon trial had, plaintiff
obtained a larger award than that appealed from. The de-
fendants appeal.—*Affirmed.*

*Davidson & Burt,* for appellants.

*E. A. & W. H. Morling,* for appellee.

EVANS, J.—The plaintiff is the owner of a farm of six
hundred and forty acres, including all of a certain section 23,
except the northeast forty acres thereof. This farm was in-
cluded in a drainage district. The established open ditch ex-
tended in a general diagonal course through section 23. The
flow of the water was from northwest to southeast. In its
course through plaintiff's land the ditch was nine or ten feet
deep, and with its bermes and waste banks occupied between
eleven and thirteen acres of ground. The plaintiff's land
was servient to an area of about 4,000 acres which received
its outlet for surface waters through the ditch in question.
The plaintiff's claim for damages presented to the Board of

Supervisors was for $3,114. Upon appeal in the district court he filed a petition claiming $5,500. The Board of Supervisors awarded him $1,351. In the district court, the jury rendered a verdict for $2,410. The case was tried in the district court on the theory that the measure of damages was the difference in value of plaintiff's farm as it was before and after the establishment and construction of the ditch. Both parties introduced their evidence on that theory, and the trial court instructed accordingly, and neither party has contended, either in the district court or in this court, for a different rule. This statement has a bearing on some of the assignments of error hereinafter considered.

I. Appellant's first complaint is that the plaintiff should not have been permitted to prove in the district court a greater damage than he claimed before the Board of Supervisors. The testimony on behalf of plaintiff showed the difference in value, or depreciation, of plaintiff's farm to be about $10 per acre, while that of the defendant's showed the same to be about $2 per acre. The objection now urged was made in the district court in the form of a motion to strike plaintiff's testimony because it showed a greater damage than he had originally claimed. The motion was properly denied. Even though the plaintiff had been limited in his recovery to the amount originally claimed, this would not warrant the striking of the testimony of the witnesses. If a witness testified to his opinion that the depreciation was $10 per acre, the trial court could not require him to reduce his estimate in order to render his testimony admissible. It not infrequently happens in the trial of cases that plaintiff's evidence may show greater damage than his petition claims. The claim in the petition may limit the recovery, but it cannot control the opinion of the witness as such.

1. DRAINAGE:
damages:
evidence.

II. Several of the assignments of error complain of the cross-examination of several of defendant's witnesses.

The cross-examination thus complained of was clearly per-

2. EVIDENCE: cross-examination of experts: discretion.

tinent and clearly within the range of the discretion of the trial court. We find nothing in such cross-examination which was not a fair test and a fair inquiry into the basis of the opinion which the witnesses had given on direct examination. The discretion of the trial court in permitting cross-examination of opinion witnesses is so great that only an unusual case could justify reversal as for abuse of discretion in permitting cross-examination. Nothing unusual is presented here, and we will not set forth the detailed questions objected to.

III. The appellants complain because the trial court failed in its instructions to advise the jury of the items of damages claimed before the Board of Supervisors, and to limit

3. DRAINAGE: damages: evidence: instruction.

the jury as to each item to the respective amounts then claimed by the plaintiff. The appellants are involved in some inconsistency of position at this point. It began with their motion filed in the district court. This motion asked that the plaintiff be required to amend his petition by setting forth the claim filed by him before the Board of Supervisors. For some reason this motion was sustained. In obedience to the ruling the plaintiffs set forth a copy of such claim as follows:

"Estherville, Iowa, July 25, 1911. To Honorable Board of Supervisors of Palo Alto County, Iowa—Gentlemen: I hereby make the following claims for land, expenses and damages, for the construction of the open work on ditch No. 48 in crossing section 23—94—32:

| | |
|---|---|
| Lands used, 13.6 acres, at $85 per acre..........| $1,157 00 |
| Posts and labor, $170, wire and staples for fence, $87 .. ............................| 257 00 |
| Bridges estimated ............................| 600 00 |
| Damage to land ..............................| 1,100 00 |
| | $3,114 00 |

Appellants do not contend that this claim sets forth a correct measure of damages. It was abandoned in the district court by the plaintiff, and the concededly correct rule was followed. The claim as made might have been admissible in evidence against the plaintiff as in the nature of an admission, and as showing the inconsistency, if any, between his testimony at the trial and such claim. But the appellants did not offer it in evidence, nor did they ask any instruction in reference thereto. They complain now only that such claim found no place in the instructions of the court as given. In the state of the record the jury had nothing to do with the itemization adopted by the plaintiff in such claim. It may be true that the total amount of the claim fixed a limit beyond which the plaintiff could not recover in the district court. But the plaintiff's recovery fell short of such limit. We have no occasion, therefore, to deal with that question.

IV. Particular complaint is made of the fifth instruction. In such instruction the measure of plaintiff's damages was stated to be "the amount in which the plaintiff's said land will be depreciated by reason of the construction of said ditch over and across it as proposed; in other words, determine the value of the land immediately before the construction, and what its value as a farm would be immediately after the construction of the ditch as proposed, and return a verdict for the plaintiff for the difference." In such instruction, however, the trial court charged the jury that in determining the amount of such depreciation they should "consider" various matters enumerated therein, all of which were based upon the testimony. These matters so to be considered by the jury included "the amount and character of the land occupied by the ditch, its bermes and waste banks, the manner in which the same divided the farm and affected the use of the land as a farm, the existence and appearance of the waste banks as they may affect the use and value of the premises as a farm, and the necessary cost of leveling the same, the necessity, if any, of bridges and

4. SAME: measure of damages: evidence: cross-examination.

fences and maintenance thereof." Appellants' complaint is directed to the matters above enumerated as having been included in the instruction. All these matters were drawn out by the cross-examination of the opinion witnesses. They were first gone into by the appellants themselves in the cross-examination of the plaintiff's witnesses, and the same line of cross-examination was followed by the plaintiff. Such cross-examination was proper in each case. The direct examination of the opinion witnesses was necessarily brief. It consisted of their opinion of the amount of the depreciation. Such an opinion was necessarily a conclusion based upon many considerations. The cross-examiner was entitled to know what elements entered into consideration of the witness in the formation of his opinion. Manifestly the jury also was entitled to know the basis of the opinion in order to weigh its value. *Ranch v. Cedar Rapids,* 134 Iowa, 563. It is urged by appellant that this instruction directed the jury to "allow" itemized damages for these various matters. This is not a correct presentation of the instruction. As already indicated, the instruction did not direct the jury to "allow." It only directed that they "consider" these matters in determining the amount of depreciation of the farm. The opinions of the respective witnesses differed greatly. Out of these conflicting opinions the jury must determine the real depreciation. How could the jury determine such depreciation intelligently, and how could it weigh the opinions of the witnesses, without considering the matters above enumerated in so far as they would naturally affect the value of the farm. To use an illustration from one of our earlier cases, it could not allow the plaintiff the cost of a fence as such, even though the fence were rendered necessary, and yet the necessity for such fence would be a proper consideration in determining the amount of depreciation of the farm. Appellant's objections, therefore, to this instruction are not well taken.

V.   The appellants filed a motion for a new trial. As one ground thereof they set forth that the amount of damages

was excessive, and was illegally determined. In support of such ground the affidavit of one juror was attached. Such affidavit contained the following statements:

That after the jury had been instructed and retired to the jury room, the members of the jury discussed the facts and law of the case, as they had understood it from the instructions, and in attempting to determine what amount of damages should be allowed to the plaintiff, various members of the jury proceeded to figure out the items of the plaintiff's damage, on the following basis, to wit: It seemed to be thoroughly agreed among the jury, that the reasonable market value of the plaintiff's land was $60 per acre before the construction of the improvement. We then figured out the amount of land that would be taken by the improvement, bermes, and waste banks. We also figured the amount that fencing this improvement would cost, and, we allowed the plaintiff for two bridges at $100 each. We then figured up the cost of leveling down the waste banks, at $4 per rod. We added all these amounts together, and we agreed that the amount of $2,410 would be about the proper amount, as some of the figures were a little above and some a little below that amount. We returned our verdict for the amount of $2,410, believing that there was no damage to the plaintiff's land except the items stated. In determining this amount of $2,410 we took into account the leveling down of the waste banks, as aforesaid, but we did not deduct anything for the land reclaimed by the removal of the waste banks as required by the order of the court.

Upon motion of the plaintiff this affidavit was stricken, and appellants complain of the ruling. That the affidavit in question was not receivable for the purpose indicated in the motion is beyond debate. *Porter v. Whitlock,* 142 Iowa, 66, 71; *McMahon v. Iowa Ice Co.,* 137 Iowa, 368; *Clark v. Van Vleck,* 135 Iowa, 194, 199.

5. SAME: verdict: impeachment.

It is urged by appellants that the affidavit was not offered for the purpose of impeaching the verdict, but for the purpose of sustaining it, and for the purpose of showing that

the erroneous instructions of the court were prejudicial, and that the jury were misled thereby. This argument will not avail the appellants. Such was not the purpose stated in the amended motion with which the affidavit was filed. As we have already held, the instructions were not erroneous. The purpose of the affidavit as stated in the amended motion was to show that the amount of the verdict was ''illegally determined'' by the jury. The principal illegality pointed out is that the jury allowed $4 a rod for leveling the waste banks, and that there was no testimony to support such allowance. It is true that there was nothing in the testimony nor in the instructions which would warrant the jury in allowing the plaintiff $4 a rod for leveling the waste banks. The only function of the affidavit therefore was to impeach the verdict. If it was competent for that purpose, it would defeat the verdict even though it disclosed only what was in the mind of the affiant himself. The other jurors may have reached their conclusions upon a correct basis, and yet the verdict must fail for want of twelve minds, because this juror went off on a tangent and lost his way and agreed to the verdict upon a different basis than that adopted by the other jurors.

Some other minor questions are suggested. The parties appear to have had a fair trial. The amount of the verdict has abundant support, both in the opinions of the witnesses and in the circumstances disclosed.

The order of the district court is therefore *Affirmed.*

WEAVER, C. J.; and LADD and PRESTON, JJ., concur.