THOMAS J. MACKLAND, Appellee, v. THE BOARD OF SUPERVISORS OF POTTAWATTAMIE COUNTY, ET AL., Appellants.

**Drainage:** APPEAL: DAMAGES: EXTENT OF CLAIM. On appeal from

1   the allowance of a claim for damages in drainage proceedings, the land owner cannot change his position and recover on another and different ground than that urged before the board of supervisors; but the proceedings before the board are informal and courts will not review them with technical strictness, and, if the claim for damages made to the board is broad enough to justify it, an allowance of all damages resulting to the farm as a whole will be sustained.

Plaintiff's claim as originally made was for the value of the land taken for right of way for the ditch and levee, and it is held that it was sufficiently comprehensive to embrace all damages resulting to the farm by reason of the construction of the ditch.

**Same:**  INSTRUCTION:  ASSUMPTION OF FACTS.  Where it appeared from
2   the evidence that the water of a stream had been diverted from its course, but the bed of the stream was still to some extent a waterway for the drainage of a large area of land, the court's instruction that the river bed along which the drain was constructed had for some years been abandoned by the river, was not an unwarranted assumption of facts.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

SATURDAY, DECEMBER 13, 1913.

A DRAINAGE district having been established affecting plaintiff's land, he filed claim for damages. The Board allowed the claim in the sum of $85, and from this award he appealed to the District Court. There was trial to a jury, and the damages were assessed at $700. The defendant appeals.—*Affirmed.*

*W. H. Killpack*; for appellants.

*J. J. Hess* and *Saunders & Stewart*, for Appellee.

WEAVER, C. J.—Plaintiff owns one hundred and sixty acres of land; the entire tract being used as one farm. In former years a stream had crossed the land cutting off from the main body about ten acres. The water of this stream had

been diverted and the bed at this point abandoned, except as it served as an outlet for the drainage of adjacent lands. Later the drainage district in question was established; the location of the main ditch being laid along or in the bed of the old stream. Plaintiff's claim for damages as presented to the board of supervisors was in the following form: "Gentlemen: You are hereby advised and notified that the undersigned, Thomas J. Mackland, claims the sum of $1,000 as damages due him for the taking of land for right of way for the ditch and levee system known as the Honey Creek Ditch and Levee, said land being taken in sec. 9, township 75, range 44, and being three and forty-six hundredths acres as shown by the engineer's return, and I demand and request that I be allowed as damages for the taking of said land the sum of $1,000 as aforesaid." In the district court he filed a petition stating his ownership of the farm mentioned; that the right of way for ditch as laid thereon comprised three and forty-six hundredths acres; that the taking thereof and the construction of the ditch were a material injury to the farm; and that the damages so resulting were in excess of $1,000, for which he asked a verdict at the hands of the jury.

The defendants moved to strike from the petition all allegations of injury to the farm as a whole, alleging that the plaintiff's claim, as filed with the board, was confined and limited to the value of the three and forty-six hundredths acres of land actually taken, and therefore no damage to the farm generally should be considered. The motion was denied, and error is assigned upon the ruling.

Evidence was admitted of the damage to plaintiff's farm as a whole resulting from the construction of the ditch, and it is conceded that, if admissible, it is sufficient to justify the verdict of the jury. No question is raised as to the regularity of the proceedings establishing the ditch.

In short, the principal question presented by the record and argued by counsel is the one raised by defendant's motion to strike parts of the plaintiff's petition: Did the claim as

made by plaintiff and laid before the board of supervisors limit his damages to the value of the acres actually taken for the ditch, or may he recover such damages as resulted to his farm from the taking of these acres and the construction of the ditch?

It is well established, as the appellant contends, that the landowner must first present his claim for damages to the board of supervisors, and upon appeal to the district court he is not allowed to change position and recover upon another and different ground than was called to the board's attention. *Pritchard v. County,* 150 Iowa, 574; *Hartshorn v. Court,* 142 Iowa, 80; *Lyon v. Board,* 155 Iowa, 367; *Lightner v. Board,* 156 Iowa, 398.

1. DRAINAGE: appeal: damages: extent of claim.

Assuming the rule to be as stated, the question before us is reduced to the inquiry whether the claim made by the plaintiff before the board is comprehensive enough to justify an allowance in his favor for the damages to his farm. Upon this proposition we are inclined to the view taken by the trial court.

Proceedings before a board of supervisors and other tribunals of that character are necessarily informal, and the courts are not disposed to review them with technical strictness. If plaintiff's claim, though awkwardly stated, was still so expressed that the board as men of ordinary intelligence understood or ought to have understood that he was asking damages for the injury to his farm, it was sufficient, and the petition filed by him in the district court was no departure from the position which he had taken before the board. Properly construed, the writing presented to the board is not a mere demand to be paid the value of three and forty-six hundredths acres of land taken, but what he does ask is, in so many words, "damages due him for the taking of land for the right of way for the ditch, . . . said land (i. e., the land taken) being three and forty-six hundredths acres," and closes his statement with a demand for "damages for the tak-

ing of said land." It is a matter of common knowledge and everyday observation, to say nothing of the familiar principles involved in all *ad quod damnum* proceedings, that damages for the taking of a given area of land are rarely limited to the quantity or acreage of land actually taken, but include both the value of the land so taken and compensation for the injury resulting to the remainder of the tract out of which the right of way had been carved. When plaintiff appeared before the board, saying, in substance, "You have appropriated a right of way to the amount of three and forty-six hundredth acres, and I claim damages therefor to the extent of $1,000," there is scarcely room for reasonable doubt that he was claiming compensation in this larger sense. It is true the claim is stated in general terms; but, being general, we think it must be held to include all the elements which usually enter into the assessment of damages for the appropriation of a right of way across the premises of a landowner. It would be unreasonable to assume or suppose it possible that any one was misled or deceived as to the real nature of the claim.

It is unnecessary to prolong argument upon this feature of the case. It depends solely upon the construction to be placed upon the claim filed before the supervisors, and, as we read the statement, it is clear the plaintiff did not thereby intend to be understood as demanding only compensation for the land appropriated, and the trial court did not err in so ruling.

Some question is raised by appellant upon the correctness of the court's instructions in which it was assumed as a fact that the river bed along which the ditch was made had "for some years been abandoned by the Boyer river." Counsel argues this was erroneous, because while it is true that the Boyer river, which formerly occupied this bed, had been tapped farther up the stream, and its waters taken by a more direct course into the Missouri river, yet the bed of the stream was still to

2. SAME: Instruction: assumption of facts.

some extent a waterway, and the drainage for a large area of land still flowed through it. Conceding what counsel says to be the fact, that the river bed continued to serve as a drain for a considerable quantity of land after the river itself had been diverted.in another direction, we can see no necessary inconsistency between the existence of such condition and the literal truth of the court's assumption that the bed of the stream had been abandoned by the Boyer river. It was, moreover, an assumption which is borne out by the record as well as by appellant's concession. The court did not say, nor could the jury infer therefrom, that no drainage from below the point of diversion still found exit through the old river bed. It is to be presumed that the jury did not overlook the testimony showing the physical conditions existing at the time of the appropriation of the right of way, and that these were given due consideration in their assessment of damages.

No reversible error appears in the record, and the judgment of the district court is *Affirmed*.

DEEMER, WITHROW, and GAYNOR, JJ., concurring.