LAURA JOHNSTON, Appellee, v. DRAINAGE DISTRICT No. 80, OF PALO ALTO COUNTY, et al., Appellants.

DRAINS: Damages for Land Taken. The statutory machinery for
1  giving property owners credit on their assessments for the value of an old but inefficient drainage improvement, in case a new district is established which embraces such old district, is not applicable to the question of the amount of damages which should be awarded to a landowner for land taken by reason of the establishment of a new and original ditch improvement which embraces such old district. (Sec. 1989-a25, Code Supp., 1913.)

APPEAL AND ERROR: Harmless Error—Inaccurate Instruction.
2  An inaccurate instruction is harmless when the record discloses no fact under which the jury could have increased the damages by reason of such inaccuracy.

DRAINS: Appropriating Private Ditch. The fact that the right of
3  way of a ditch improvement embraces a private ditch of the landowner's is no obstacle to the recovery of damages for the land taken.

DRAINS: Reducing Landowner's Damages by Leveling Waste
4  Banks. Damages to a landowner for land taken for right of way for a public drainage improvement may not be lessened by a consideration of the extent to which the land might be reclaimed *by leveling the waste banks.*

*Appeal from Palo Alto District Court—N. J. LEE, Judge.*

SEPTEMBER 28, 1918.

APPEAL from judgment for damages on account of a drainage improvement. The necessary facts are stated in the opinion.—*Affirmed.*

*Davidson & Burt,* for appellants.

*McCarty & McCarty,* for appellee.

STEVENS, J.—I. Appellants complain of several rulings of the court in the admission of evidence upon the question of damages; but, after a careful examination thereof, we are unable to see how, if erroneous, they could have had any prejudicial effect. The objections urged involve the weight and credibility, rather than the admissibility, of evidence.

II. Evidence was received tending to show that the proposed new drainage district included a portion of the right of way of an old district known as Drainage District No. 16, and that the remaining course thereof followed the line of a private ditch, previously constructed by the owner of the land of appellee.

In its instruction No. 7½, the court charged the jury not to allow plaintiff damages for so much of the right of way, if any, as was occupied by the open ditch on the right of way of District No. 16, but that it should take into consideration the fact that the private ditch and the land occupied thereby belonged to the plaintiff. Counsel for defendants excepted to the above instruction, upon the grounds (a) that it should have stated that plaintiff would be presumed to have been paid for the damages resulting from the establishment and construction of the improvement in District No. 16; and (b) that Section 1989-a25 of the Supplement to the Code, 1913, provides that land thus located shall be paid for at

1. DRAINS: damages for land taken.

the time of assessing benefits, and credit given on account thereof to the landowner entitled thereto; and that it was, therefore, improper to direct the jury to allow compensation for the land occupied by the private ditch.

As to the first of the above exceptions, it may be conceded that, in so far as the right of way for the improvement in question included a portion of the right of way of a former drainage improvement, for which the owner had received compensation, no additional sum should be allowed for the land thus taken and occupied thereby. The court so informed the jury, but apparently limited the effect of the instruction to the portion of the right of way actually occupied by the open ditch; but the record discloses nothing from which the jury could have determined the portion of the right of way outside of the open ditch included in Drainage District No. 16, and, in the absence of such showing, the error in the instruction was without prejudice. The exception to this instruction, based upon the provisions of Section 1989-a25 of the Supplement to the Code, 1913, does not, as contended by counsel, present a constitutional question for our consideration, nor is the instruction condemned thereby. We held, in *Bird v. Board of Supervisors,* 154 Iowa 692, that the provisions of the above section apply to cases where the established improvement "is proved insufficient to protect or drain all of the lands necessarily tributary thereto." We gather from the record that the improvement here proposed is an original enterprise, and was not initiated because the improvement in Drainage District No. 16 had proven insufficient. The statute under consideration relates to the value of the old improvement, and requires the commissioners who have been appointed to classify benefits to take the same into consideration, and credit the value thereof to the parties owning the old improvement, as their interests may appear,

2. APPEAL AND ERROR: harmless error: inaccurate instruction.

and· does not relate to the value of the land taken, which, under the provisions of Section 1989-a6, Code Supplement, 1913, must be allowed as a part of the damages to the owner of the land.  This is in accordance with our prior holdings. *Chicago & N. W. R. Co. v. Board of Supervisors,* — Iowa —; *Mittman v. Farmer,* 162 Iowa 364.

The question whether plaintiff is entitled to credit, on account of her open ditch, or improvement, upon the assessment, if any, that may hereafter be levied upon her land for the cost of the proposed new improvement, is not before us.  Plaintiff was entitled to payment for the fair market value of the land included within the drainage right of way, and for such other damages as are usually allowed in cases of this character, the measure of which is fully stated by the following decisions of this court.  Section 1989-a6, supra; *Larson v. Webster County,* 150 Iowa 344; *In re Joint Drain. Dist.,* 160 Iowa 293, 294; *Taylor v. Drainage District,* 167 Iowa 42, 50.

**3. DRAINS: appropriating private ditch.**

The presence of a private ditch, upon the land taken for such right of way, did not, in any sense, deprive her of the right to compensation for the value of the land taken. The jury, in arriving at the fair value of the land, should have considered its condition as affected by the private ditch.  If the improvement in question is one for which credit should be allowed by the commissioners, that is a matter for their consideration, independent of the fair value of the land appropriated for the ditch right of way, or the amount to be awarded as damages therefor.

III.  The court further instructed the jury that, in fixing the amount of plaintiff's damages, it should take into consideration the amount and value of the land actually

occupied by the ditch, its berms and waste

4. DRAINS: re-
ducing land-
owner's dam-
ages by level-
ing waste
banks.

banks, the manner in which the farm was divided and affected thereby, the use thereof as compared with conditions existing before the construction of the ditch, the existence and appearance of the waste banks, as they might affect the appearance, use, and value of the premises as a farm, the feasibility of leveling the waste banks and the cost thereof, the necessity of fences, the expense of constructing and maintaining the same, together with such other improvements, if any, as were made necessary by reason of the taking of the right of way and the construction of the ditch. To this instruction, counsel for appellant excepted, upon the ground that the court should have charged the jury that, in determining the amount of plaintiff's damages, it must take into consideration the extent to which the land appropriated might be reclaimed for cultivation by leveling the waste banks.

The case was tried by counsel upon both sides upon the theory that the feasibility of leveling the waste banks and the expense thereof were proper matters to be considered in fixing the amount of plaintiff's recovery. Evidently, the instruction was based upon this theory of the case, and to meet the evidence offered upon this point. Had the instruction embodied the thought of counsel, it would have been manifestly erroneous. While this court held, in *Stuhr v. Butterfield*, 151 Iowa 736, and in *Barton v. Boie*, 169 Iowa 706, that land taken for a ditch right of way is simply burdened with an easement, and, in the *Barton* case, that the owner retains the right to use the property in any way not inconsistent with the carrying out of the plans of the drainage district, yet this should not be construed to mean that the owner may, in all cases, enter upon the right of way and level the waste banks so as to reclaim the land for cultivation. Section 1989-a21, Code Supplement, 1913,

provides that a drainage district, when established and the improvement constructed, shall be at all times under the control and supervision of the board of supervisors, whose duty it shall be to keep the same in repair, and who may, for that purpose, cause the same to be enlarged, reopened, deepened, widened, straightened, or lengthened for a better outlet, without notice, unless land not included within the right of way is sought to be appropriated for that purpose. Frequently, the waste banks are placed in the form of levees, and are made a part of the improvement; and it is not uncommon that the ditches adjacent to hills become filled, and must be cleaned out. In cases where this becomes necessary, the dirt taken therefrom would, of course, be deposited upon the right of way. Whether the board of supervisors, at the time of establishing the improvement, may, upon the recommendation of the engineer, and when not a necessary part of the improvement, grant permission to the owner of the fee to level the waste banks, and take the same into consideration in fixing the value of the farm after the improvement is constructed, is not before us upon this appeal. The court should not be understood as approving the instruction in question, but only as saying that the exception lodged against it is not well taken.

Further complaints of the court's instruction are set forth in appellants' motion for a new trial, but no sufficient reason is shown why the same were not included in the exceptions taken before the instructions were read to the jury, as required by Section 3705-a, Supplement to the Code, 1913.

As we find no reversible error in the record, the judgment of the court below is—*Affirmed.*

PRESTON, C. J., LADD, WEAVER, EVANS, GAYNOR, and SALINGER, JJ., concur.