R. E. SHERWOOD, Appellee, v. F. W. REYNOLDS et al., Appellants.

No. 41096.

NOVEMBER 24, 1931.

Johnston & Shinn, for appellee.

Johnson & Teter and H. E. DeReus, for appellants.

KINDIG, J.—On December 12,.1929, the Whitebreast Drainage District No. 5 was established in Marion County under the provisions of Chapter 353, Code, 1927. At that time, the Knoxville National Bank & Trust Company, a corporation, owned 413 acres of land within the newly established district. As part of the drainage scheme aforesaid, a large ditch was made through the land belonging to the Knoxville National Bank & Trust Company. That corporation filed a claim with the Board of Supervisors of Marion County, asking for damages which were thereby caused the land. This claim was in two parts: First, for the right of way actually taken on it to construct the ditch; and, second, for the general damages to the entire tract because of the ditch.

The claims were allowed as follows: $703.85 for the right of way, and $250 for the general damages. In other words, the board of supervisors allowed the Knoxville National Bank & Trust Company damages totalling $953.85.

Thereafter, in due time, the Knoxville National Bank &

Trust Company appealed from that allowance to the district court of Marion County. While that appeal was thus pending, the Knoxville National Bank & Trust Company, on January 9, 1930, sold and conveyed the 413-acre farm to the plaintiff-appellee, R. E. Sherwood. By the aforesaid conveyance, the Knoxville National Bank & Trust Company also assigned to the appellee its said claim for the damages. Appellee thereafter filed with the clerk of the Marion County District Court a petition, wherein the above facts are set forth and the aforesaid land is specifically described. Accordingly, appellee first being substituted as plaintiff, the cause came on for hearing, a jury was obtained, evidence introduced, and trial had. A verdict was returned by the jury, awarding appellee damages in the amount of $5733.13 against the defendants-appellants, F. W. Reynolds, Homer Clark, and William Butts, as members of the board of supervisors of Marion County, Iowa, and Whitebreast Drainage District No. 5. Following the verdict, the appellants asked for a new trial, so far as material here, on three grounds. They are: First, that the district court erred in ruling on the admissibility of evidence; second, that the court wrongfully instructed the jury; and, third, that the verdict was excessive and the result of passion and prejudice. Appellants' motion was overruled, and consequently they appeal. No brief or argument was filed on behalf of the appellee.

I. Many objections were interposed by appellants to the questions propounded to appellee's witnesses concerning the damage to the land in question. Upon each occasion, the district court ruled that the questions should be answered.

There is no reason for setting forth each objection and ruling. Generally speaking, the objections were that the evidence offered was incompetent, irrelevant, and immaterial. All the evidence offered related to the various elements entering into the damage suffered by appellee. After carefully considering the entire record, therefore, it is apparent that the district court committed no prejudicial error in overruling the various objections to this evidence.

II. In the second place, appellants complain about the instructions given by the district court to the jury. The instructions thus complained of relate to the trial court's description of the land involved in the controversy.

Throughout the proceedings before the board of supervisors and under the pleadings and evidence in the district court, the land described contained 413 acres. When submitting the issues to the jury, however, the district court inadvertently omitted eighty acres of the farm and described for that body a tract of land containing only 333 acres. This discrepancy came about because the district court, when describing the land by government subdivisions, used the preposition ''of'' instead of the conjunction ''and.'' Thereby eighty acres of the land described in appellee's petition were eliminated by the inadvertence. Prejudicial error arose, appellants contend, for two reasons: First, that during the trial evidence concerning the damages was introduced on the basis that the land involved 413 acres rather than 333. Consequently appellants assert that there is no basis in the record upon which the jury could find damages for the 333 acres; and, second, it is urged by appellants that the effect of omitting eighty acres in the issues amounted to the court's directing a verdict in their favor so far as the omitted portion of the land is concerned.

A verdict being thus directed in their favor, appellants contend that they are entitled to that benefit because, right or wrong, the instructions must be followed by the jury. Later in the instructions, however, the district court disregarded the issues as thus confined to the 333 acres, and at times throughout the charge mentioned the farm as if it contained 413 acres. By mentioning the land in the statement of the issues as if it were 333 acres, and at other places in the instructions as 413 acres, appellants argue that the district court thereby erroneously nullified what in effect was a directed verdict in their favor.

■ Such, in a general way, sets forth appellants' contentions. Under the record, however, it is obvious that prejudicial error did not occur because of the trial court's discrepancy in misdescribing the land. As before said, the appellee in his pleadings properly described the land as containing a tract of 413 acres. Witnesses likewise referred to the farm as comprising 413 acres. An engineer surveyed the land and declared that it contained 413 acres. During the trial, the district court permitted the jury to view the premises, and the farm containing 413 acres was pointed out to them. Hence, the jury had impressed upon their minds a tract of land containing 413 acres.

At no time did any one suggest to them a farm comprising only 333 acres. 333 acres, as such, were never mentioned to the fact-finding body. Moreover, the district court in no way specially directed the attention of the jury (except through the inadvertent description), to the fact that it was submiting to them a farm of 333 acres, rather than the one they had seen comprising 413 acres. It can hardly be said, therefore, that the district court directed a verdict to that extent in appellants' favor.

When stating the issues for the jury, the trial court obviously was attempting to describe the land set forth in appellee's pleadings. The very language of the instruction stating the issues refers back to the cause of action named in appellee's pleadings. So, the omission of the eighty acres by using the preposition "of" instead of the conjunction "and" was a mere inadvertence or clerical error on the part of the district court. Because 413 acres were named in the pleadings referred to by the witnesses, surveyed by the engineer, and viewed by the jury themselves, that body could not have been misled because when describing the aforesaid land by governmental subdivisions the district court thus used the word "of" instead of "and." Sometimes in the instructions it is true the district court, by words of reference, referred back to the defective description named in the issues, but in many other places throughout the instructions that tribunal mentioned the land seen by the jury, owned by the appellee, etc. That fact-finding body, therefore, must have understood the trial court was referring to the land named in the pleadings described by the witnesses, surveyed by the engineer, and viewed by themselves. Manifestly, the words employed by the trial court in setting forth the description by governmental subdivisions right or wrong meant to the jury, under the circumstances, the land which they had seen and heard of during the trial. Nothing appeared in the instructions to divert the attention of the jury from appellee's land seen by them and referred to by the witnesses. Nowhere by express language did the district court say to the jury that it was withdrawing from their consideration the eighty acres omitted through the inadvertent description. Generally speaking, it may be true that the jury may not understand that the trial court's inadvertence was only a mistake. Atkins v. Ellis, 118

544

Iowa 76. Here, however, by the verdict returned and by all the facts and circumstances set forth in the record, it is obvious that the jury failed to notice the erroneous description.

Prejudicial error, therefore, does not appear, and the appellants are not entitled to a new trial on this theory.

III. In the third place, appellants complain because the verdict is excessive. Their theory at this juncture is that passion and prejudice caused the excessiveness of the verdict. There appears, however, no basis in the record for this contention.

A large farm was involved and the ditch ran diagonally across it. Furthermore, the ditch is very wide and high berms appear on each side thereof. Appellee's land must be considerably reduced in value because it in effect is divided into two triangular pieces. An additional consideration is the fact that there are now in each triangle small pieces of the farm between the ditch and the old creek banks.

When all the facts and circumstances are considered, therefore, it cannot be said that the verdict was so excessive as to indicate passion and prejudice.

Wherefore, the judgment of the district court should be, and hereby is, affirmed.—Affirmed.

FAVILLE, C. J., and EVANS, MORLING, and GRIMM, JJ., concur.