Mark Harris, Sr., et ux., appellees, v. Board of Trustees of Green Bay Levee and Drainage District No. 2 et al., appellants.

No. 48283.

(Reported in 59 N.W.2d 234)

1170

June 9, 1953.

Rehearing Denied September 25, 1953.

Herminghausen & Herminghausen and Roy W. Deitchler, all of Fort Madison, for appellants.

Napier & Fehseke, of Fort Madison, and Dailey & Dailey, of Burlington, for appellees.

Larson, J.— I. Defendants complain, though not seriously, of several rulings of the court in the admission of evidence upon the question of damages; but, after careful examination thereof we are unable to see how, if erroneous, they could have had any prejudicial effect. Most of the objections urged involve the weight and credibility rather than the admissibility of evidence. Some are not specific enough to consider here and only No. 20 qualifies for our consideration. This involved the evidence received in rebuttal, over defendants' objections, relating to the cost of spreading or removing sand deposited on the land by the recent break in the levee. We hold this evidence proper for it tends to evaluate the damage to the land by flood, and rebuts defendants' evidence that it ruined the land for farming purposes completely. We are convinced it was accepted and considered for that purpose by the trial court and as this is a jury-waived case—not triable de novo—we hold its acceptance not reversible error. Johnston v. Drainage District, 184 Iowa 346, 168 N.W. 886; Davis v. Knight, 239 Iowa 1338, 35 N.W.2d 23.

 II. These proceedings were taken under the statutory provisions enacted by the Fifty-second General Assembly, known as chapter 245, and are found in the 1950 Code of Iowa as

sections 455.201 to 455.216, inclusive. We observe that this Act was little more than an enabling Act to permit Iowa drainage districts to enter into agreements with proper agencies or instrumentalities of the United States Government, and to co-operate with them in flood-control work to accomplish the purposes for which the district was established. It does not materially alter or change the existing laws pertaining to levee and drainage districts in Iowa. Section 455.214 expresses the legislative intent in this regard.

III. The controlling facts herein are not greatly in dispute. The defendants established a proposed government plan of construction for repairs and alterations of the Green Bay Levee and Drainage District and proceeded to condemn and take certain portions of plaintiffs' land. Both plaintiffs and defendants complain of alleged irregularities in the steps leading up to and including the hearing before the Board of Supervisors. They are not jurisdictional.

Plaintiffs owned a farm in the existing district, lying south of the Skunk River, some small part of which was outside of the existing levee. The new levee was placed south of the old one further bisecting plaintiffs' land so that now only ten acres remain inside the levee. There was some dispute as to the number of acres in plaintiffs' farm, the petition alleging 86.+ acres, but there was little, if any, dispute as to the 59.2 acres actually taken for use by defendants as a right of way. The appraisers fixed the value per acre of $65 for 50.9 acres and they recommended no further damage be allowed. After suit was commenced an error appeared and the acreage was changed to 59.2 acres by the Board of Supervisors. After due notice and hearing, at which time plaintiffs appeared and filed objections, the Board by resolution approved various reports, including the appraisers' report, and fixed the compensation of plaintiffs at $65 per acre with no other damages. On plaintiffs' appeal to the district court the court found that the plaintiffs suffered damages in the sum of $9481.50 and ordered the sum entered of record and certified by the clerk to the Board of Supervisors as provided by section 455.103 of the 1950 Code of Iowa. Thereafter both parties appealed. The court had previously refused to grant an injunction

to stop the improvement, but plaintiffs do not here complain of that decision.

We have examined carefully the proceedings before the Board and have taken note of the objections filed by the plaintiffs. The failure of the engineer to give bond, the failure of appraisers to be sworn before making their report, though their report was later properly verified, the failure to name the government agency involved, and other general objections relating to advisability, by plaintiffs, did not prejudice plaintiffs nor seriously affect their right, nor did they deprive the Board of the right to establish the proposed plan.

In the proceedings for the establishment or alteration of a drainage district the law contemplates nothing more than substantial compliance with the provisions of the statute, and mere irregularities are not jurisdictional. Goeppinger v. Board of Supervisors, 172 Iowa 30, 152 N.W. 58.

Section 455.182, Code of 1950, provides that the provisions of the drainage law shall be liberally "construed to promote leveeing, ditching, draining, and reclamation of wet, swampy, and overflow lands." Lyon v. Board of Supvrs. of Sac County, 155 Iowa 367, 136 N.W. 324.

The district court found that there was a substantial compliance to give the defendants jurisdiction to take the action of setting up the plan for repairs and alterations, and we agree. Notice and opportunity to defend are the essential elements of due process and there is no question they are present here. Plaintiffs were given notice, as provided by law, of the proposed plan, filed their objections and were in attendance at all hearings thereon. Procedural irregularities complained of are without merit; were not listed as errors by plaintiffs in their cross-appeal and will not be further considered.

IV. Defendants' principal complaint is as to the proper measure of damages in matters of this nature. It is defendants' contention that section 455.210, Code of 1950, requires that compensation for the acres taken plus perhaps any actual damage suffered by reason of the taking, such as the cost of bridging, fencing, moving buildings, etc., is the correct measure

of damages and that each item must be listed separately before the board and before the court. We do not agree.

Under the law of this state pertaining to condemnation and by all our previous decisions in eminent domain proceedings, this court has said that the plaintiff-claimant was entitled to reimbursement for the difference in the fair and reasonable market value of the farm just before and just after the taking. This, of course, takes into consideration the fair and reasonable market value of the land actually taken, but also includes the reduced value, if any, of the remaining farm lands, and other damages caused by such severance. The authority is voluminous. Brown v. Drainage Dist., 163 Iowa 290, 143 N.W. 1077; Larson v. Webster County, 150 Iowa 344, 130 N.W. 165; Johnston v. Drainage Dist., 184 Iowa 346, 168 N.W. 886; Ranck v. City of Cedar Rapids, 134 Iowa 563, 111 N.W. 1027; Flood v. Board of Supervisors, 173 Iowa 224, 155 N.W. 280; Randell v. Iowa State Highway Comm., 214 Iowa 1, 241 N.W. 685; Maxwell v. Iowa State Highway Comm., 223 Iowa 159, 271 N.W. 883, 118 A. L. R. 862; In re Joint Drainage Dist. No. 3 in Boone and Story Counties v. Board of Supervisors, 160 Iowa 293, 141 N.W. 939; Gish v. Castner Drainage Dist., 137 Iowa 711, 115 N.W. 474; Taylor v. Drainage Dist. No. 56, 167 Iowa 42, 148 N.W. 1040, L. R. A. 1916B 1193, 61 L. Ed. 1368; Eggleston v. Town of Aurora, 233 Iowa 559, 10 N.W.2d 104; Kukkuk v. City of Des Moines, 193 Iowa 444, 187 N.W. 209, I.C.A. 1, page 573, Amount of Compensation.

It is apparent that the correct measure of damages was not considered by the appraisers or the Board of Supervisors when considering plaintiffs' claim and that they failed to consider any damages to plaintiffs beyond the fair and reasonable market value the appraisers placed upon the acres of land actually taken for right-of-way purposes. It is clear that unless plaintiffs' claim was restricted to such compensation this was error justifying an appeal.

V. But defendants further claim error upon the ground that no specific grounds of damage were listed or claimed by plaintiffs in their objections before the Board and therefore the district court could not consider them upon appeal and was

bound by the Board's determination. Though apparently inconsistent, defendants do admit in their pleadings that the amount of compensation to plaintiffs may be increased upon appeal, and that damages may be granted on appeal which the drainage district must pay if plaintiffs are able to show any recoverable damages.

██ Defendants correctly contend and plaintiffs do not deny that the landowners must first present their claim for damage to the Board of Supervisors and that upon appeal to the district court they are not permitted to change position and recover upon another and different ground than was called to the Board's attention. Prichard v. Board of Supervisors, 150 Iowa 565, 129 N.W. 970; Hartshorn v. District Court, 142 Iowa 72, 120 N.W. 479; Lightner v. Board of Supervisors, 156 Iowa 398, 136 N.W. 761, 137 N.W. 462; Mackland v. Board of Supervisors, 162 Iowa 604, 144 N.W. 317; Flood v. Board of Supervisors, supra. No such attempt was made by the plaintiffs herein. A most liberal construction is placed upon the form of the claim made to the Board by the landowners and technical strictness is not observed. If from the claim the Board can reasonably understand the nature of the claim in its broadest sense, it is sufficient. Here the trial court had no difficulty in finding the claim of plaintiffs included the value of the right of way taken and the resulting damage to the rest of plaintiffs' farm. We agree. The Board should have understood, as reasonable men, and the evidence shows that they did understand that the plaintiffs claimed damages for injury to their farm as well as compensation for the right of way taken. Nevertheless, they granted compensation only for the right of way and denied plaintiffs' claim for other damages by adopting the report of the appraisers which specifically stated, "The claim for damages is disallowed."

██ We have searched for but found no authorities that compel claimants to divide their claim into two divisions, one claim for the land taken for the right of way and one claim for other damages. The practice is permissible, we think, before the Board, for it may easily add the two amounts claimed in order to obtain claimants' total claim for damages but it is not compulsory. Sherwood v. Reynolds, 213 Iowa 539, 239 N.W. 137.

A close examination of the objections filed with the Board of Supervisors by plaintiffs to the proposed plan of construction, repairs or alterations of the levee on May 25, 1951, discloses that plaintiffs filed objections alleging that they were the owners of 86 acres of land, more or less, and containing the following: "That the proposed contract will render said land completely useless for farming for all practical purposes." And also on May 29, 1951, filed a timely amendment with the Board as follows: "The petitioners have a claim for damages in addition to the claim for land required for right of way in the amount of twenty-five thousand six hundred eighty ($25,680.00) dollars", and prayed "for damages and compensation in the amount of twenty-five thousand six hundred eighty ($25,680.00) dollars."

There is no merit in defendants' claim that the objections and claims of plaintiffs are not specific; are too general; do not comply with the requirement of section 455.96, Code of 1950, and are not sufficient to permit the court to accept evidence on the entire recoverable damage suffered by plaintiffs.

Section 455.96 provides: "On or before the first day of the next succeeding term of court, the appellant shall file a petition setting forth the order or final action of the board appealed from and the grounds of his objections and his complaint, with a copy of his claim for damages or objections filed by him with the auditor. * * *."

Perhaps plaintiffs' claim and objections do not have the finesse of a petition before a court, but we can construe the language in no other way than a demand for money damage for the taking of their land and the destruction of the value of their farm. We said in Mackland v. Board of Supervisors, 162 Iowa 604, at page 607, 144 N.W. 317, 318, a similar case: "Proceedings before a board of supervisors and other tribunals of that character are necessarily informal, and the courts are not disposed to review them with technical strictness." There a demand for "damage for the taking of said land" appeared at the end of his claim for compensation for 3.46 acres for right of way for a ditch and was held sufficient to base his appeal and recover for damage to his farm.

The court further said (page 608): "It is true the claim

is stated in general terms; but, being general, we think it must be held to include all the elements which usually enter into the assessment of damages for the appropriation of a right of way across the premises of a landowner. It would be unreasonable to assume or suppose it possible that anyone was misled or deceived as to the real nature of the claim." See also Lightner v. Board of Supervisors and Flood v. Board of Supervisors, both supra; Simpson v. Board of Supervisors, 180 Iowa 1330, 162 N.W. 824.

VI. We have thoughtfully examined defendants' contention that section 455.210 contemplates a different measure of damage for such taking from that conclusively determined by our court in similar matters under chapter 455, Code of 1950, before the previously referred to amendment by the Fifty-second General Assembly; and that under section 455.210 only compensation for the acres actually taken is allowable. Said section provides in part as follows:

"* * * The appraisers shall view the premises and fix and determine the damages to which each claimant is entitled * * * and shall place a separate valuation upon the acreage of each owner taken for right of way or other purposes necessitated by adoption of the plan * * *."

The procedure by the board is then prescribed by reference to section 455.32 of the amended chapter.

We would point out that such a construction as advocated by defendants would seriously endanger the constitutionality of that provision. It is settled law in this state that if of two reasonable constructions of law one would be held unconstitutional, the other is adopted. We would avoid the serious question as to the constitutional right to limit recovery by one whose property is partially taken, to the value of that taken, for it is well recognized in all ad quod damnum proceedings that damages for the taking of given acres of land include both the value of the land so taken and compensation for the injury resulting to the remainder of the tract out of which the right of way has been carved. If that were not so there would be a taking of private property in violation of Article I, section 18, of the

Iowa Constitution, and we are not unmindful of the 1908 Amendment to this section of the Constitution. We do not agree that it goes further than to permit the legislature to provide a law of condemnation and prescribe the method of making such condemnation.

Article I, section 18, of the Constitution of Iowa provides as follows:

"Private property shall not be taken for public use without just compensation first being made, or secured to be made to the owner thereof, as soon as the damages shall be assessed by a jury, who shall not take into consideration any advantages that may result to said owner on account of the improvement for which it is taken."

The Amendment of 1908 added the following:

"The General Assembly, however, may pass laws permitting the owners of lands to construct drains, ditches, and levees for agricultural, sanitary or mining purposes across the lands of others, and provide for the organization of drainage districts, vest the proper authorities with power to construct and maintain levees, drains and ditches and to keep in repair all drains, ditches, and levees heretofore constructed under the laws of the state, by special assessments upon the property benefited thereby. The General Assembly may provide by law for the condemnation of such real estate as shall be necessary for the construction and maintenance of such drains, ditches and levees, and prescribe the method of making such condemnation."

We fail to discover wherein said amendment changes the general law on eminent domain, and counsel for defendants cite no authority to that effect. This amendment permits the General Assembly to authorize condemnation of real estate for the stated public purpose and to prescribe the method of making such condemnation. In a complete and exhaustive discussion of the Iowa law on the power of eminent domain under the Iowa Constitution, Justice Bliss said, in Liddick v. Council Bluffs, 232 Iowa 197, 215, 5 N.W.2d 361, 371:

"Since the power of eminent domain is an inherent and inseparable attribute of sovereignty which existed prior to constitutions, the constitutional provisions are not grants of the power, but are limitations upon its exercise. [Citing authorities.] These provisions are for the protection of the individual against the excesses of the government with respect to his property, and should be broadly * * * interpreted to effect that purpose. When the question arose as to what was meant by these limitations it was construed as expressing the intention of those who made, or adopted, the constitutions, to include therein compensation, not only for the property directly appropriated, but also damages to the property remaining in the owner."

We conclude, therefore, that this amendment did not set up a different or new law of eminent domain in the matter of taking private property for levees or drainage districts, but on the contrary the same rules for recovery by the injured party apply therein.

It will be noted that under section 455.210 the appraisers have two duties prescribed relating to their report on the claim of claimant. They are directed to fix the damages, and also to place separate valuation upon the acreage taken for right of way. We are not concerned here as to why the latter was required but are convinced that it in no way affects the right of the claimants to maintain their action for damages resulting from the taking of the right of way through their land. The duty to fix and determine the damages must be held to include all reasonable damages under eminent domain proceedings. Liddick v. Council Bluffs and Taylor v. Drainage Dist. No. 56, both supra.

VII. There was some contention by plaintiffs that the trial court in its decision provided additional damages to be added to the compensation allowed by the Board of Supervisors for the actual acreage taken, but such assumption is entirely erroneous. The appeal to the district court was for *all* damages suffered by plaintiffs, including the value of the land taken for right of way, and upon such theory evidence was accepted by the trial court to fix the value of the land before and after the taking. In that hearing the court correctly determined the dif-

ference between the reasonable market value of plaintiffs' land just before and just after the taking of the acres for right-of-way purposes. This will make plaintiffs whole, and they are entitled to no more or no less. We have held that it is proper to divide a claim before the Board into two parts—part for compensation for the land taken and part for other damages suffered; and that together they make the total claim for damages to the Board. When tried on appeal before the district court these claims must be consolidated and the damages are then determined to cover all proper elements that may be considered to arrive at the loss of claimant due to the taking of his land. Sherwood v. Reynolds and Kukkuk v. City of Des Moines, both supra.

▇▇▇ · There are other minor questions argued but they are not of sufficient consequence to change the result. Plaintiffs did not seriously contend for their cross-appeal relating to interest before this court and it is given no consideration herein. No reversible error appears in the record. The judgment of the trial court was right and should be affirmed.—Affirmed.

All JUSTICES concur.