**Leo CRANDALL, Plaintiff–Appellant,**

v.

**IOWA DEPARTMENT OF HUMAN SERVICES, Defendant–Appellee.**

No. 89–465.

Court of Appeals of Iowa.

Jan. 25, 1990.

Kevin G. Magee, Legal Services Corp. of Iowa, Dubuque, for plaintiff-appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Stephen C. Robinson, Asst. Atty. Gen., for defendant-appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

Petitioner-appellant Leo Crandall appeals a trial court order affirming an Iowa Department of Human Services decision suspending certain aid to dependent children benefits he received as an unemployed parent. We affirm.

Eligibility for the unemployed parent program is contingent upon the parent actively seeking employment. Plaintiff's benefits were denied because he did not meet this requirement. The department requirements for seeking employment are contained in Iowa Administrative Code section 441.42.4(4)(a). This section requires a person receiving benefits to cooperate with the department in making an active job search and specifies the recipient must make eight employment-seeking, face-to-face contacts per month.

Plaintiff alleges the department has an unpublished rule requiring the job applica-

tion be made to an owner or manager of a business. Plaintiff contends this rule was utilized by the department in suspending his benefits. He contends the imposition of this requirement without notice to him violates due process requirements under the federal and state constitutions.

We agree with plaintiff the department should not implement rules without following prescribed notice procedures that assure the notice necessary to meet due process requirements. *See Auxier v. Woodward State Hosp. School,* 266 N.W.2d 139, 142 (Iowa), *cert. denied,* 439 U.S. 930, 99 S.Ct. 319, 58 L.Ed.2d 324 (1978); *Harris v. Board of Trustees,* 244 Iowa 1169, 1173, 59 N.W.2d 234, 236 (1953). But we agree with the State's argument that is not the issue in this case. The hearing officer's decision is far from crystal clear. However, a reasonable interpretation of the decision is that the officer determined claimant had not made an active job search in accordance with the dictates of the published administrative rule.

We find substantial evidence in the record to support this conclusion. On the relevant job search report claimant claimed to have contacted a secretary at each of two businesses. On inquiry by the department, one of the businesses reported it had no record of a job application by claimant, that it kept records of applications, and that while claimant could have talked to an employee, he did not talk to anyone in management and did not fill out an application. The second employer reported he was out of town during the alleged time of application, the employees did not recall anyone applying for a job, and the business did not have a secretary.

An agency decision will be upheld if it is supported by substantial evidence after reviewing the whole record. *See Hollensbe v. Iowa Dep't of Job Serv.,* 418 N.W.2d 77, 78 (Iowa App.1987). We agree with the trial court.

AFFIRMED.